El Pueblo de Puerto Rico, demandante y apelado, *v.* Mario N. Díaz Jiménez, acusado y apelante.

Núm. 7930.—*Sometido:* Febrero 1, 1940. *Resuelto:* Febrero 8, 1940.

*Andrés Ruiz, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué convicto y sentenciado a cumplir seis meses de cárcel por infracción al artículo 371 del Código Penal,

que según quedó enmendado por la Ley núm. 57 de 27 de abril de 1931 (Leyes de 1931, pág. 401), dice así:

"Art. 371. Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos u otras propiedades públicas o privadas, o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en la forma prevenida por la ley, incurrirá en pena que no excederá de dos años ni bajará de seis meses de prisión, o multa no mayor de mil ni menos de quinientos dólares. Toda persona que penetrare en domicilio ajeno contra la voluntad expresa del morador, o que en cualquier forma interviniere con el citado domicilio alterándolo, realizando actos de dominio, modificándolo o intentando hacer en el mismo cualquier reparación no importa la índole que fuere, salvo también en los casos y la forma permitida por la ley, incurrirá en penas que no bajará de tres meses ni excederá de seis meses de prisión, o multa de doscientos a quinientos dólares."

Los tres errores que sirven de fundamento al recurso, se refieren a la suficiencia de la prueba, por lo que procederemos a examinarla.

De los autos resulta que la denunciante y el acusado contrajeron matrimonio en el año 1913 y desde algún tiempo antes de tener efecto los hechos denunciados, vivían separados en la misma casa, ocupando la denunciante una habitación donde tenía muebles y otros efectos adquiridos con dinero de la sociedad conyugal. La denunciante dormía y tomaba sus alimentos en la casa de una parienta suya que vivía en la misma calle y cuando no estaba en su habitación, la cerraba con un candado. La noche del 15 de noviembre de 1938, mientras la denunciante dormía en la casa de su pariente, el acusado, aprovechando su ausencia, se hizo acompañar de otra persona y abrió la puerta de la habitación, poniendo en la calle los muebles de su esposa.

¿Infringió el acusado el artículo 371 del Código Penal? Esa es la cuestión a resolver. El fin perseguido por el citado artículo es evitar la alteración de la paz pública, tratando de impedir que una persona por la violencia, la intimidación o contra la voluntad expresa del morador de una casa o poseedor de una finca rústica, penetre en ella, obligando así

al morador o poseedor a defender su propiedad, causándose con tal motivo la correspondiente alteración de la paz pública. De ahí que cuando el acusado penetra subrepticiamente o en ausencia del morador o de cualquier otra persona que lo represente y pueda hacerle resistencia, no existe el delito definido en el artículo 371. En el caso de autos la denunciante no se hallaba presente cuando el acusado penetró y sacó los muebles de la habitación. Por consiguiente, no existió la posibilidad de una alteración de la paz.

Wharton, en su obra sobre "Criminal Law" (12a. ed., 1932, pág. 1667, sec. 1361) dice a este respecto:

"La entrada por una ventana abierta o abriendo la puerta con llave o valiéndose de cualquier ardid o artificio, por ejemplo, llevándose del sitio al dueño por medio de engaño y cerrándole la puerta después, o algo semejante, sin más violencia, o aun amenazándolo con destruir sus bienes o ganado solamente, pero sin amenazas de violencia contra su persona, no se considera una entrada por la fuerza o la violencia."

Refiriéndose a los elementos esenciales de este delito, dice *Ruling Case Law*:

"Siendo el principal propósito de la acción de allanamiento de morada (*forcible entry and detainer*) evitar la alteración de la paz, está bien establecido tanto bajo los estatutos británicos como en aquellas jurisdicciones donde la definición no ha sido ampliada por legislación o interpretación judicial, que el allanamiento (*forcible entry*) sólo existe cuando para verificar la entrada se ha hecho uso de fuerza física o por medio de violencia o amenaza de violencia contra la persona que ocupa la propiedad.

"...

"Por consiguiente, una entrada sin violencia y por una persona con derecho a la posesión, o una entrada ilegal sin hacer uso de la fuerza, violencia o amenazas, o en la que no se usa más fuerza que la que la ley presume en toda transgresión (*trespass*) no es un allanamiento de morada dentro del significado del estatuto. Muchas entradas en la casa o propiedad ajena podrán ser evidentemente ilegales, y sin embargo no dan lugar a esta acción, a pesar de que se admita que toda entrada por la fuerza en la forma antedicha es ilegal." 11 R.C.L. 1157, sec. 21.

Más adelante repite la citada obra:

"No puede existir duda alguna de que una entrada es a la fuerza (*forcible*) cuando se realiza o va acompañada de actos que constituyen o tienden a causar una alteración de la paz; como cuando una persona en posesión es lanzada por medio de fuerza que vence su resistencia o es acometida o agredida o algo semejante—en otras palabras, cuando la privación de la posesión se realiza por actos que envuelven fuerza, violencia o intimidación contra otros." Obra citada, pág. 1158, sec. 22.

Para un estudio histórico de este delito, véase la monografía en la página 139 del tomo 18 de la obra *American Decisions*.

No podemos convenir con el fiscal de este tribunal en que los actos realizados por el acusado están comprendidos en la modalidad adicionada al artículo 371 por la precitada enmienda de 1931, a saber: ". . o que en cualquier forma interviniere con el citado domicilio, alterándolo, realizando actos de dominio, modificándolo o intentando hacer en el mismo cualquier reparación . . ." Tales frases están calificadas por las palabras con que empieza dicho párrafo, que dicen: ". . . Toda persona que penetrare en domicilio ajeno *contra la voluntad expresa del morador* . . ." No de otro modo pueden interpretarse las frases transcritas, pues de lo contrario incurriríamos en el absurdo de que cualquier penetración en el domicilio ajeno para realizar reparaciones o cualquier otra obra, sería constitutiva de delito.

En el caso de *El Pueblo* v. *Escobar,* 36 D.P.R. 240, resuelto antes de la enmienda de 1931, se impugnaba la suficiencia de una denuncia por infracción al artículo 371 del Código Penal, consistente la infracción en haber penetrado el acusado en determinada fecha ilegal, voluntaria y maliciosamente en la casa habitación de María Isabel Ayala, tirando los muebles de ésta a la calle y cerrando después con un candado, "todo hecho contra la voluntad de la referida María Isabel Ayala", y se dijo por este tribunal:

"Si bien es requisito genérico de todo delito de alterar la paz pública que haya sido perturbada la de algún vecindario o persona particular, puesto que hay hechos que sin esa circunstancia no constituyen delito, sin embargo, no siempre es necesaria esa alegación en las denuncias o en las acusaciones porque tal alteración de la paz de algún vecindario o de alguna persona salta del mismo hecho imputado en la acusación, como ocurre en el presente caso en el que si bien no se dice expresamente que se turbó la paz de María Isabel Ayala, tal alegación surge del mismo hecho imputado, pues si el acusado en forma violenta penetró en la casa habitación de ella tirando sus muebles a la calle, cerrando después la casa con un candado y *todo lo hizo contra la expresa voluntad* de María Isabel Ayala, es lógico deducir de esos hechos que su paz fué alterada por realizarse contra su voluntad."

· · Los hechos en este caso realizados por el acusado podrán ser todo lo reprobables que se quiera, pero no habiendo estado acompañados del elemento indispensable de fuerza, violencia o intimidación de causar daño personal, ni habiéndose realizado *contra la voluntad expresa* de la denunciante, no constituyen una infracción del artículo 371 del Código Penal.

*Siendo ello así, procede declarar con lugar el recurso, revocar la sentencia apelada y absolver al acusado.*