EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ISMAEL MEDINA ABRÉU, acusado y apelante. EL MISMO v. EL MISMO.

Núms. 8632 y 8633.—*Sometidos:* Junio 18, 1941. *Resueltos:* Junio 19, 1941.

*E. Ramos Antonini* y *V. Gutiérrez Franqui,* abogados del apelante; Hon. *Procurador General Interino, Emilio de Aldrey, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué sentenciado a $25 de multa y a tres meses de cárcel, respectivamente, al ser convicto de infracción a los artículos 368 y 371 del Código Penal. La evidencia es la misma para los dos casos, razón por la cual fueron sometidos en este tribunal por un solo alegato por cada parte.

Señala el apelante como único error que de acuerdo con las denuncias y la prueba presentada, él no resulta culpable

de los delitos imputádosle. El fiscal de este tribunal se unió al apelante para solicitar la revocación de las sentencias por insuficiencia de la prueba en cada caso.

▆ Consideraremos en primer término el de infracción al artículo 368 del Código Penal.

La denuncia en dicho caso en lo pertinente expone:

"Que en 6 de febrero, hora 10:15 P. M., de 1939, y en el barrio. . . de Santa Isabel. . . el acusado. . . allí y entonces, con una conducta tumultuosa y ofensiva, con amenazas, vituperios y provocaciones, maliciosamente perturbó la paz y tranquilidad de los señores Carmelo Obén (y) Pedro Martínez, porque a esa hora, allí y entonces y dentro del edificio donde está la maquinaria de la Central Cortada, perteneciente a. . . Central Aguirre Sugar Company. . . dicho acusado violentamente, con amenazas, vituperios y provocaciones ordenó el paro de las máquinas que mueven los molinos de caña, estando estas máquinas manipuladas por los maquinistas Luis Torres y Longino Ramírez, con motivo de cuya orden quedó suspendida la molienda de cañas de azúcar en la referida central desde las 10:15 P. M. del lunes 6 de febrero hasta las 4:45 A. M. del martes 7 de febrero de 1939. . ."

La prueba no revela que en la hora y sitio indicados el acusado perturbase la paz de los Sres. Carmelo Obén y Pedro Martínez como se le imputó en la denuncia. Lo que surge de la prueba de cargo es que en dicho día y hora el apelante, que trabajaba como maquinista en la Central Cortada y que a su vez era vicepresidente de la Unión de Trabajadores de Factorías de dicha Central, penetró en la factoría y ordenó a Luis Torres que parase las máquinas, usando al dirigirse a dicho individuo dos vocablos obscenos. Mas no resulta que el apelante en forma o manera alguna cambiase siquiera palabras con el Sr. Obén, quien según su propia declaración llegó después que habían sido paradas las máquinas y por tanto no podía alterarse su paz y tranquilidad con palabras que ni oyó ni le fueron dirigidas. Tampoco aparece de la prueba que en manera alguna se perturbase la paz del individuo Pedro Martínez.

No existe evidencia de que en el sitio y hora indicados hubiera allí mujeres o niños que pudieran oír las palabras obscenas anteriormente aludidas, y el mero hecho de parar las máquinas de una factoría en la forma en que se hizo en este caso, no constituye por sí solo el delito de alteración de la paz definido en el artículo 368 del Código Penal.

■■ Pasemos ahora al caso por infracción al artículo 371, del Código Penal.

La denuncia en dicho caso en lo pertinente dice:

"Que en 6 de febrero, hora 10:15 P.M., de 1939, y en el barrio. . . de Santa Isabel. . . el acusado allí y entonces, ilegal, voluntaria y maliciosamente invadió o penetró violentamente dentro de la Central Cortada, que es una propiedad privada y perteneciente a la Central Aguirre Sugar Co., . . . y ordenó el paro de las máquinas que mueven los molinos de caña, estando estas máquinas manipuladas por los maquinistas Luis Torres y Longino Ramírez. Con motivo de esta orden quedó suspendida la molienda. . ."

Tampoco revela la prueba en lo que a este caso respecta que el acusado penetrase violentamente en la factoría de la Central Cortada como se alega en la denuncia.

La penetración por medio de violencia es un elemento esencial del delito definido en el artículo 371 del Código Penal. En el caso de *Pueblo* v. *Díaz*, 56 D.P.R. 101, dijimos, citando de Wharton *on Criminal Law:*

"La entrada por una ventana abierta o abriendo la puerta con llave o valiéndose de cualquier ardid o artificio, por ejemplo, llevándose del sitio al dueño por medio de engaño y cerrándole la puerta ·después, o algo semejante, sin más violencia, o aun amenazándolo con destruir sus bienes o ganado solamente, pero sin amenazas de violencia contra su persona, no se considera una entrada por la fuerza o la violencia."

Y en el mismo caso, citando de Ruling Case Law, dijimos:

"Por consiguiente, una entrada sin violencia y por una persona con derecho a la posesión, o una entrada ilegal sin hacer uso de la fuerza, violencia o amenazas, o en la que no se usa más fuerza que la que la ley presume en toda transgresión (*trespass*) no es un allana-

miento de morada dentro del significado del estatuto. Muchas entradas en la casa o propiedad ajena podrán ser evidentemente ilegales, y sin embargo no dan lugar a esta acción, a pesar de que se admita que toda entrada por la fuerza en la forma antedicha es ilegal.''

Ninguno de los testigos que declararon en este caso se refiere a la forma en que entró el acusado en la factoría de la Central Cortada. Por el contrario, de la prueba de cargo aparece que el acusado podía entrar libremente a la Central y que nunca se le había prohibido la entrada en aquel sitio.

Nada hemos dicho de la prueba de descargo, porque en ninguna forma o manera tiende a incriminar al acusado en relación con ninguno de los dos delitos.

*Por lo expuesto, procede, a nuestro juicio, revocar las sentencias apeladas y absolver libremente al acusado.*