El Pueblo de Puerto Rico, demandante y apelado, *v.* Delfín Rodríguez, acusado y apelante.

Núm. 10056.—*Sometido:* Junio 21, 1943. *Resuelto:* Julio 7, 1943.

*Agustín E. Font* y *William Morales,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se acusó a Delfín Rodríguez de una infracción del artículo 371 del Código Penal(1) consistente en que penetró en el domicilio de Juan Nazario y Eloína Vélez, contra la voluntad expresa de ellos y sin su consentimiento, interviniendo con el citado domicilio, alterándolo, clausurando las puertas y ventanas de dicho domicilio, y realizando actos de dominio en el mismo, y no permitiendo que los moradores entraran en él con el fin de pernoctar, alegando que era el dueño de la casa.

■■ El acusado fué convicto y sentenciado a pagar una multa de $200, o en su defecto a sufrir un día de cárcel por cada dólar que dejare de pagar, no excediendo la prisión de 90 días de cárcel. En apelación, el acusado alega que la corte

(1)"Artículo 371.—Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos en otras propiedades públicas o privadas o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en la forma prevenida por la ley, incurrirá en pena que no excederá de dos años, ni bajará de seis meses de prisión o multa no mayor de mil ni menos de quinientos dólares. Toda persona que penetrare en domicilio ajeno, contra la voluntad expresa del morador, o que en cualquier forma interviniere con el citado domicilio alterándolo, realizando actos de dominio, modificándolo o intentando hacer en el mismo cualquier reparación no importa la índole que fuere, salvo también en los casos y la forma permitida por la ley, incurrirá en penas que no bajará de tres meses ni excederá de seis meses de prisión, o multa de doscientos a quinientos dólares."

inferior cometió error al declarar sin lugar una moción eliminatoria y una excepción perentoria radicada contra la acusación. La moción eliminatoria del acusado iba dirigida a la eliminación de aquella parte de la acusación que le imputaba que "no permitió que dichos moradores entraran en su domicilio para pernoctar en él, alegando que la casa era de su propiedad". No hubo error en la negativa a eliminar esta alegación, toda vez que relata actuaciones que el estatuto expresamente prohibe. De igual forma la corte de distrito correctamente declaró sin lugar la excepción perentoria. El acusado sostiene que la acusación no alega que penetrara en domicilio de otra persona contra la voluntad de ésta, y que la imputación es solamente de que evitó que los moradores pernoctaran en su domicilio. Pero la acusación expresamente alega que Rodríguez "penetró en el domicilio de Juan Nazario y Eloína Vélez contra la voluntad expresa de estos". Esto es suficiente para colocar el caso dentro de los términos del estatuto.

El acusado sostiene luego que debió haberse declarado con lugar su moción de *nonsuit* al finalizar la prueba de El Pueblo. Descansa a ese efecto en el hecho de que la prueba dejó de demostrar que los moradores estaban en la casa cuando el acusado penetró en el domicilio de éstos.

Una infracción al artículo 371 del Código Penal puede cometerse como sigue:

(1) empleando fuerza o violencia al invadir u ocupar terrenos, o cualquier propiedad, pública o privada, salvo en los casos y en la forma prevenida por la ley;

(2) penetrando en domicilio ajeno contra la voluntad expresa del morador, o interviniendo con el citado domicilio, alterándolo, realizando actos de dominio o modificándolo, etc.

El hecho de que existen dos formas de cometer el delito en cuestión es evidente de la disposición del referido artículo en cuanto a diferentes penas para las dos formas diferentes de cometer el delito. Como cuestión de hecho, el artículo

correspondiente del estatuto de California sólo dispone para la primera manera de cometer el delito (Artículo 418, Deering's *Penal Code of California,* pág. 156([2]).

Los casos de *Pueblo* v. *Díaz,* 56 D.P.R. 101, y *Pueblo* v. *Medina,* 58 D.P.R. 925,. surgieron bajo la primera disposición del artículo 371. Resolvimos en dichos casos, en vista del requisito de fuerza o violencia en la referida primera disposición, que el delito no se comete si los actos en cuestión ocurrieron en ausencia del morador o de alguien que lo represente. Pero la situación en el presente caso es diferente, toda vez que los hechos demuestran una violación de la segunda disposición del artículo 371; es decir, que el acusado penetró en el domicilio de otra persona sin el consentimiento expreso de ésta. Una vez se prueba que el hecho se comete contra el consentimiento expreso del morador, no es necesario 'que se pruebe, como en la primera disposición, que se empleó fuerza o violencia, y en su consecuencia la ausencia del morador al momento de la penetración no es fatal.

Juan Nazario, el morador de la casa, declaró que mientras trabajaba en una finca propiedad del padre del acusado, éste le dijo que "me tenía que ir de allí como a las siete (refiriéndose a la casa en que él vivía) o antes de las siete de la tarde, porque si no . . . ". Eloína Vélez, esposa de Nazario, declaró que el mismo día el acusado le había dicho que ella y su esposo debían mudarse de la casa, porque de lo contrario le pegaba fuego a la casa y le entraría a tiros, y que ella le contestó "Dios lo librara y la Virgen, que él se atreviera a penetrar dentro del domicilio mío. Yo le prohibí, yo le dije que no podía de ninguna manera hacer eso o intervenir o entrar; que él no podía someterse a entrar en ese domicilio, en cuanto yo era la que estaba en

([2])"Artículo 418.—*Uso de Fuerza y Ocupación de Terrenos.*—Toda persona que empleare fuerza o violencia al invadir u ocupar terrenos u otras propiedades ajenas, o que excitare o ayudare a otra persona para que lo haga, salvo en los casos y en la forma prevenida por la ley, será culpable de *misdemeanor.*"

mi hogar, y era la dueña mientras viviera allí, y él dijo que no importaba, que antes de las siete teníamos que irnos de allí o le pegaba fuego a todo, o nos tiraba todo a la calle.''; que ella se fué a ayudar a su marido cuando éste fué a ver al padre del acusado; que cuando regresó a las seis de la tarde, encontró la casa clausurada; que el acusado le dijo que él no la abriría, aunque ella consiguiera una orden de la corte de distrito o del fiscal; que por fin pudo entrar a la casa a las dos de la mañana mediante una orden del juez municipal.

La prueba en este caso fué suficiente para demostrar que el acusado, contra la expresa voluntad de los moradores, entró en su domicilio y realizó allí actos de dominio, alterando con ello la paz en la forma que se tuvo en mente evitar mediante la segunda disposición del artículo 371.

*La sentencia de la corte de distrito será confirmada.*
El Juez Presidente Sr. Del Toro no intervino.