*In Re* LUCIEN LONGCHAMPS, querellado.

Núm. 57.—*Sometido:* Noviembre 5, 1945. *Resuelto:* Diciembre 10, 1945.

Lucien Longchamps, *pro se* y Celestino Iriarte y H. González Blanes, abogados·éstos del querellado; R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar, abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este es un procedimiento de *disbarment* contra Lucien Longchamps, quien fué admitido al ejercicio de la abogacía el 9 de marzo de 1926 y al del notariado el 16 de mayo del año siguiente. Los hechos probados pueden resumirse así: Allá para el año 1942, Juan Nazario Rodríguez radicó una denuncia contra Delfín Rodríguez por infracción al art. 371 del Código Penal, consistente en que penetró en el domicilio del denunciante y Eloína Vélez, contra la voluntad expresa de ellos y sin su consentimiento, interviniendo con el citado domicilio, alterándolo, clausurando sus puertas y ventanas, realizando actos de dominio en el mismo y no permitiendo que los moradores entraran en él, alegando que él era el dueño de la casa.

Con posterioridad a la presentación de la denuncia, el querellado, a instancias del denunciante, solicitó y obtuvo del Procurador General le extendiese un nombramiento de fiscal privado para actuar en dicha causa criminal.

Enterado el acusado Delfín Rodríguez de que el querellado iba a actuar como fiscal en el caso, sostuvo una entrevista con aquél a fin de transigir el caso y lograr que el denunciante desistiese de la denuncia. Con la anuencia del denunciante se convino que en consideración a la cantidad de $60 que el acusado se obligaba a pagar al denunciante, éste presentaría una moción solicitando el desistimiento del caso. A ese efecto el querellado preparó una moción a nombre del denunciante haciendo constar que había sido indemnizado de los daños que le había causado el acusado y solicitando que se archivase la denuncia, previo pago de las costas. Presentada la moción al Juez de la Corte Municipal de Yauco donde estaba pendiente el caso, dicho funcionario manifestó al querellado que denegaría la moción, toda vez que en su opinión el caso no era transigible de conformidad con el art. 446 del Código de Enjuiciamiento Criminal. Una vez que el quere-

llado conoció el criterio del Juez Municipal sobre el extremo indicado, redactó el día 15 de julio de 1942 una estipulación que suscribieron el acusado y el denunciante ante el querellado como notario, la cual, en lo pertinente dice así:

"El denunciante en este caso, Juan Nazario Rodríguez y el acusado Delfín Rodríguez, han convenido lo siguiente:

"Entendiendo que este caso es transigible por el art. 446 del Código Penal (*sic*), convienen transarlo mediante pago por el acusado al denunciante de la suma de SESENTA DOLLARS, más las costas de la causa si hubiere que pagarlas, el denunciante queda debidamente pagado del daño ocasionádole, esto sin que el acusado admita que es criminalmente responsable del hecho. . . . . .

"El denunciante se compromete comparecer ante la Corte el día 22 de julio de 1942 y *declarar de tal manera que el acusado resulte absuelto,* hecho lo cual don Delfín Rodríguez pagará a don Juan Nazario Rodríguez la suma convenida de sesenta dollars." (Bastardillas nuestras.)

El mismo día el querellado redactó dos declaraciones juradas, una para ser jurada por Juan Nazario Rodríguez, el denunciante, y la otra para jurarla su concubina Eloína Vélez Ramos, las cuales dicen así:

"DECLARACIÓN JURADA DE JUAN NAZARIO RODRÍGUEZ.

"En Yauco a 15 de julio de mil novecientos cuarentidós, ante esta corte comparece Juan Nazario Rodríguez, mayor de edad, casado, jornalero y vecino de Guánica, Puerto Rico, y previo juramento conforme a la ley, dice:

"Que aparece como denunciante en el caso de El Pueblo de Puerto Rico v. Delfín Rodríguez, sobre infracción al artículo 371 del Código Penal; que el hecho de aparecer como denunciante lo es por investigación y no porque el denunciante tenga conocimiento propio de los hechos que se alegan en la denuncia, ya que el denunciante estaba en Ensenada y no tiene conocimiento propio de los hechos que se alegan en la denuncia; que el acusado, don Delfín Rodríguez, sin admitir responsabilidad criminal por dichos hechos le ha resarcido al denunciante por el daño que éste alega haberle sido ocasionado; y que lo declarado es la verdad, toda la verdad y nada más que la verdad."

"Declaración Jurada de Eloína Vélez Ramos.

"En Yauco a quince de julio de mil novecientos cuarentidós, ante esta corte comparece Eloína Vélez Ramos vecina de Barrio Susúa Baja de Guánica, y previo juramento conforme a la ley, dice:

"Que dicha declarante figura como uno de los testigos de cargo en el caso de El Pueblo de Puerto Rico contra Delfín Rodríguez, sobre infracción al artículo 371 del Código Penal; que la declarante no estaba en el sitio en que tuvieron lugar los hechos que se imputan en la denuncia y de conocimiento propio no sabe nada del caso; que al regresar a la casa de haber estado ocupada en ayudar a los quehaceres que acostumbraba hacer su esposo Juan Nazario Rodríguez y encontrar la casa clausurada, hizo gestiones ante el Juez de Paz de Guánica y la Policía Insular para que se le abriera la casa en que vivía con su esposo y que finalmente don Delfín Rodríguez consintió en que la casa le fuera abierta; que su esposo Juan Nazario Rodríguez no estaba presente cuando la casa fué clausurada, sino que estaba en Ensenada. Que lo declarado es la verdad, toda la verdad y nada más que la verdad de lo que la declarante sabe respecto del caso."

Luego de juradas ante el propio querellado las dos declaraciones antes transcritas, el denunciante exigió el pago de los $60, pero informándole el querellado que no podría cobrar dicha cantidad hasta tanto se celebrase el juicio y fuese absuelto el acusado, el denunciante no estuvo conforme y solicitó y obtuvo del Procurador General la revocación del nombramiento de fiscal que se había expedido a favor del querellado.(¹)

Conforme declaró Juan Nazario Rodríguez él manifestó al querellado que el día en que se realizaron los hechos denunciados el denunciante se hallaba trabajando en una finca del padre del acusado y que éste vino donde él y le dijo que tenía que irse de la casa donde vivía a más tardar a las siete de la noche; que el denunciante fué para el pueblo a ver al padre del acusado y que cuando regresó a las seis de la tarde

---

(¹)Celebrado luego el juicio el acusado fué convicto en la Corte Municipal de Yauco, en juicio *de novo* en la Corte de Distrito de Ponce y finalmente fué confirmada la sentencia de ésta última por este Tribunal. *Pueblo* v. *Rodríguez*, 62 D.P.R. 322.

encontró la casa clausurada, impidiendo el acusado que penetraran en la casa. Eloína Vélez a su vez declaró que el mismo día el acusado le había dicho que ella y su esposo debían mudarse de la casa y que le entraría a tiros y que ella le prohibió hacer tal cosa, insistiendo el acusado en que antes de las siete tendrían que irse de allí o de lo contrario le pegaría fuego a la casa o tiraba todo fuera de la casa, y que ella fué a ayudar a su marido cuando éste fué a ver al padre del acusado, regresando más tarde con el denunciante; que por fin los moradores de la casa pudieron entrar en ella a las dos de la mañana mediante una orden del Juez de Paz.

No tenemos duda alguna que, tanto el denunciante como su concubina, han dicho la verdad al manifestar lo que informaron al querellado cuando éste se hizo cargo de llevar su caso como fiscal privado en la Corte Municipal. En efecto si sus manifestaciones al querellado hubieran sido tal y como éste posteriormente las redactó, sin duda que el querellado no hubiera solicitado del Procurador General que lo nombrase fiscal privado en un caso en que había una absoluta falta de prueba. Al redactar el querellado las dos declaraciones juradas, tenía conocimiento, conforme resulta de la prueba, que tanto la una como la otra eran falsas.

De igual modo el querellado como abogado estaba obligado por los Cánones de Ética Profesional a abstenerse de redactar y suscribir como notario una estipulación como la que antes se menciona en esta opinión, en la cual el denunciante se obligaba virtualmente a engañar a la corte alterando su declaración de tal forma que el acusado tuviese que salir absuelto.

Los hechos realizados por el querellado, aparte de que podrían calificarse de instigación a perjurio, contravienen aquella parte del juramento que prestó al ser admitido al ejercicio de la abogacía, a saber:

"Que a los efectos de defender las causas que se me confíen, emplearé únicamente aquellos medios que sean compatibles con la

verdad y el honor y nunca trataré de engañar a los Jueces o Jurados por ningún artificio o falsa manifestación de hecho o de derecho."

También infringió el Canon 32 de Ética Profesional que prohibe a los abogados prestar servicios o dar consejos que impliquen deslealtad a la ley y falta de respeto al Poder Judicial.

*Por los fundamentos antes expuestos procede declarar con lugar la querella y separar al querellado del ejercicio de la abogacía y del notariado por un término de dos años, a partir de esta fecha.*