# In re Silvestre Cruz Disdier, querellado.

Núm. 73.—*Sometido:* Junio 14, 1949. *Resuelto:* Julio 29, 1949.

*Silvestre Cruz Disdier, pro se* y *C. H. Juliá, F. Colón Gordiany, Ángel Piñero, Vicente Hita, Jr., F. M. Susoni, Jr., A. Mieres Calimano* y *Ernesto J. Fonfrías,* abogados del querellado; *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *F. Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo.

*Per Curiam:* Éste es un procedimiento de *disbarment* contra Silvestre Cruz Disdier, quien fué admitido al ejercicio de la abogacía el 11 de mayo de 1928 y al del notariado el 11 de mayo de 1929. De acuerdo con la prueba documental y testifical practicada el día de la vista, los hechos que consideramos probados, bajo las alegaciones de la querella, pueden resumirse así:

Mercedes Torres González, quien llevaba residiendo en los Estados Unidos cerca de tres años, contrajo matrimonio el 14 de agosto de 1946 en la ciudad de Nueva York con Modesto García. El 5 de marzo de 1947 vino a Puerto Rico con su madre. Al salir de Nueva York estaba disgustada con su marido y al llegar recibió una carta suya donde le pedía que entablara demanda de divorcio. Ya en Puerto Rico, Mercedes fué a ver al abogado Rubén Gaztambide Arrillaga, de Río Piedras, y le enseñó la carta de su marido, interesado en divorciarse. Le pidió que la divorciara a lo que se negó Gaztambide. Dicho abogado le indicó que por no reunir ella el requisito de residencia de un año en Puerto Rico no podía entablar la acción ya que tenía que esperar que transcurriera el año de residencia en la Isla. Se dirigió entonces Mercedes a la oficina del abogado Silvestre Cruz Disdier quien, al exponerle ella su caso, le ofreció divorciarla si ella decía en la corte, al ser preguntada, que tenía un año de residencia en la Isla. En efecto, el abogado Cruz Disdier radicó el 25 de agosto de 1947, en el Tribunal del Distrito Judicial de San Juan, acción de divorcio bajo el núm. civil 5880, a nombre de Mercedes Torres contra su esposo Modesto García. En la demanda, luego de alegarse que la demandante y el demandado contrajeron matrimonio en la ciudad de Nueva York el 14 de agosto de 1946, se incluyeron las siguientes alegaciones:

"3. Que tan pronto se casaron, el día siguiente, el 15 de agosto de 1946, se trasladaron a Puerto Rico, con el propósito de vivir en Puerto Rico para siempre, pero a los cuatro días de estar en Puerto Rico, el demandado se fué para los Estados, o sea, el día 19 de agosto de 1946, sin que la demandante tuviera conocimiento de su viaje, abandonándola para siempre contra su voluntad.

"*　　　*　　　*　　　*　　　*　　　*　　　*

"5. Que la demandante y el demandado no tienen hijos, ni bienes del matrimonio y la demandada ha vivido en Puerto Rico, con un año antes de la presentación de esta demanda."

Es evidente que tales alegaciones las incluyó el querellado en la demanda con el propósito, en cuanto a la 3, de hacer

aparecer que la causal de abandono alegada se había originado en Puerto Rico, y en cuanto a la 5, para cumplir con el requisito previo del año de residencia,[1] constándole por la información dada a él por Mercedes Torres González que tales hechos no eran ciertos. Como culminación, el día de la vista, antes de salir para la corte y en la propia casa de la demandante, sabiendo que los hechos no eran tal como los había alegado en la demanda, instruyó a la demandante en la siguiente forma, según testimonio de la misma ante este Tribunal:

"R. Dos horas antes del juicio yo estaba sentada en mi casa en la sala acompañada de Víctor y cuando llegó se sentó frente a mí y me dijo: 'Tú vas a decir que tienes un año de residencia en Puerto Rico; vas a decir también que tu marido vino contigo y te dejó abandonada; que él salió para en casa de la familia al pueblo de Trujillo y que a los pocos días se había ido para Estados Unidos' que dijera que la familia de él me había dicho que él había salido para Estados Unidos. Me lo dijo en la sala de casa acompañada de Víctor.

"P. ¿A Víctor le dijo algo?

"R. 'Usted va a decir que conocía a Modesto García y que lo había visto por las calles de Hato Rey a los dos o tres días de haber llegado aquí' y que García le había dicho: 'La mujer mía no sabe que me voy a ir, voy a salir y no me va a ver más'."

La demanda fué declarada con lugar el 16 de enero de 1948 en virtud de la prueba de la demandante, luego de anotada la rebeldía del demandado.

Mercedes Torres González, que interesaba adquirir una pequeña casa, al día siguiente de visitar por primera vez al querellado, así como al abogado Gaztambide, volvió donde Cruz Disdier para verificar la compra de una casa propiedad de Margarita Rivera Cotés. En la escritura, otorgada ese mismo día, 15 de julio de 1947, Cruz Disdier, que ya había prometido el día antes divorciar a Mercedes si decía

---

[1] Véase, sin embargo, el párrafo 2 del artículo 97 del Código Civil (edición de 1930) según quedó enmendado por la Ley núm. 118 de 7 de mayo de 1942, (1) pág. 699.

en corte que tenía más de un año de residencia en Puerto Rico, la hizo figurar como soltera, constándole que era casada. Igualmente, y en la misma escritura, que se otorgó con el núm. 91 en esa fecha, hizo aparecer a la vendedora Margarita Rivera de Cotés, a quien conocía de antes y le constaba que era casada, también como soltera, no obstante el hecho de que el 18 de octubre de 1946, por escritura núm. 146 de esa fecha, otorgada ante el querellado, éste dió fe de que Margarita Rivera de Cotés era casada con Lucas Cotés, y tenía ante sí, al preparar la escritura núm. 91 antes mencionada, la 146 de referencia.

La actuación del querellado haciendo constar a sabiendas hechos falsos en la demanda, constituye mala práctica de la profesión de abogado y viola el canon 22 de Ética Profesional en la parte que establece "No es profesional ni honorable no ajustarse a la sinceridad de los hechos al examinar los testigos, al radicar *affidavits* u otros documentos, o al presentar las causas."

Y su actuación al instruir, tanto a la demandante Mercedes Torres González como a su testigo, para que declararan en el sentido de que la demandante hacía más de un año que residía en Puerto Rico y que el demandado había sido visto por las calles a los dos o tres días de haber llegado y había manifestado que se iba a ir de Puerto Rico y que su esposa no lo vería más, constituye una instigación a perjurio, y contraviene aquella parte del juramento que prestó al ser admitido al ejercicio de la abogacía, que reza:

"Que a los efectos de defender las causas que se me confíen, emplearé únicamente aquéllos medios que sean compatibles con la verdad y el honor y nunca trataré de engañar a los Jueces o Jurados por ningún artificio o falsa manifestación de hecho o de derecho." *In re Longchamps*, 65 D.P.R. 468.

Las actuaciones del querellado haciendo aparecer en la escritura núm. 91 por él autorizada el 15 de julio de 1947, que Mercedes Torres González, la compradora, era soltera, cuando él la conocía y le constaba que era casada; y haciendo

aparecer que Margarita Rivera de Cotés, la vendedora, era soltera, cuando le constaba al querellado que era casada con Lucas Cotés, quien junto a su esposa Margarita Rivera había comparecido el 18 de octubre de 1946 en la escritura núm. 146 autorizada por el propio querellado, sabiendo éste por lo tanto que la propiedad objeto de la venta a Mercedes Torres González pertenecía a la sociedad de gananciales de Margarita Rivera de Cotés y su esposo Lucas Cotés, y que no estaba transmitiendo un buen título a la compradora, por no comparecer en la escritura el esposo de la vendedora constituyen, además de infracciones a la sección 16 de la Ley Notarial, actos de negligencia crasa en el ejercicio de la profesión de abogado.

*Por los fundamentos antes expuestos procede declarar con lugar la querella y separar al querellado del ejercicio de la abogacía y del notariado.*