# PALMER v. GUERRA.

## SOLICITUD para que se expida auto de *mandamus*.

No. 5.   Resuelto en diciembre 18, 1905.

MANDAMUS.—LA SOLICITUD DEBE PRESENTARSE Á LAS CORTES DE DISTRITO.—Las solicitudes en que se interese la expedición de un auto de *mandamus* deberán presentarse en primera instancia ante las Cortes de Distrito, á no ser que se solicite el auto contra el Consejo Ejecutivo, ú otro alto cuerpo, ó contra alguna corte inferior, en cualquiera de cuyos casos, así como en los que concurriera alguna razón especial de urgencia ó pronto despacho, podrá acudirse en primer término al Tribunal Supremo; de este modo las cuestiones de hecho podrán dilucidarse con más facilidad y las partes tienen asegurado su derecho de apelación.

ID.—En lo futuro, el Tribunal Supremo no conocerá de ninguna petición de *mandamus* que le fuere presentada en primera instancia, á no ser que de la misma solicitud aparezca alguna razón suficiente para ello.

ID.—RECURSO ORDINARIO Y EFICAZ.—No puede hacerse uso del procedimiento

establecido en la Ley de *mandamus* sino en aquellos casos en que no hubiera otro recurso adecuado y eficaz.

Iᴅ.—Fᴜɴᴄɪᴏɴᴀʀɪᴏs ᴘúʙʟɪᴄos.—Aʀᴄʜɪᴠᴇʀos Gᴇɴᴇʀᴀʟᴇs ᴅᴇ Dɪsᴛʀɪᴛo.—Los Archiveros Generales de Distrito son funcionarios públicos, y por tanto, tienen derecho á ser representados por el Attorney General ante las Cortes de Justicia.

Iᴅ.—*Mandamus* no procede para que un Archivero de Distrito que se crea con derecho á la custodia de determinado archivo notarial sea puesto en posesión del mismo, procediendo en ese caso recurrir á un pleito ordinrio, que es adecuado y eficaz.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Rossy, Fiscal.*

Abogado del demandado: *Sr. Miguel Guerra.*

Eʟ Jᴜᴇz Asociᴀᴅo Sʀ. Woʟꜰ, emitió la opinión del tribunal.

Santiago R. Palmer que es el Archivero General para el Distrito Notarial de San Juan, presentó solicitud ante esta corte para que se expidiera un auto de *mandamus* contra Gabriel Guerra, habiéndose dictado debidamente una orden contra el segundo para que expusiera los motivos que tuviera por los que no debiera dictarse el auto de *mandamus*.

No aparece claramente porque el peticionario vino en primera instancia á esta corte. Creemos que, en un caso ordinario en que el auto no se dirija contra el Consejo Ejecutivo, ú otro alto cuerpo, ó contra una corte inferior, y cuando no hay una razón especial para que haya urgencia ó pronto despacho, la solicitud debiera hacerse á la Corte de Distrito. De este modo pueden examinarse las cuestiones de hecho con facilidad teniendo asegurado las partes el derecho de apelación.

Solamente debe recurrirse á la ley de *mandamus* cuando no haya otro remedio adecuado, é igualmente, la solicitud únicamente debe hacerse á nosotros cuando no haya otro tribunal adecuado. En lo sucesivo la discreción que seguiremos será enviar á las partes á la corte que deba conocer del asunto, á menos que de la solicitud aparezca razón suficiente para no hacerlo así. No hubo tal razón en

el presente caso, pero la corte habiendo admitido jurisdic-
ción, seguirá tomando consideración del caso.

La solicitud fué debatida por parte del demandado ale-
gando que el fiscal, por conducto de quien se había presen-
tado la solicitud, no tenía autoridad para representar al
peticionario. La solución de la cuestión depende de si es
ó nó Santiago R. Palmer un funcionario público, y si el
Attorney General tendría derecho para representarlo de
acuerdo con la sección 64 del Código Político. ¿Es Palmer
tal funcionario dentro de las prescripciones de aquella
sección? Creemos que la simple lectura de la ley de mar-
zo, 1905, demuestra claramente que el funcionario, á sa-
ber, Archivero General, es un funcionario público, un
empleado del Gobierno Insular. Aún suponiendo que no
fuera tal empleado, el carácter de sus deberes es tal, y tal
es el interés que el público tiene en el debido cumplimien-
to de ellos, que teniendo el Attorney General, de acuerdo
con la sección 21 de la Ley Orgánica, toda la autoridad de
el Attorney General de un territorio, tendría dentro de su
discreción el derecho de representarle; especialmente
cuando es el objeto llevar á efecto una ley para la centra-
lización definitiva de los documentos notariales en cada
uno de los distritos judiciales.

La cuestión principal, ó sea, si Guerra tenía ó nó tenía
el derecho de negarse á la entrega de los protocolos, no
creemos necesario resolver ahora; es verdaderamente du-
doso si podríamos hacerlo, visto la actual condición de los
autos.

Ambas partes en sus alegatos, hacen referencia á docu-
mentos y asuntos que no fueron presentados debidamente
á la corte en el acto de la vista; es decir, el decreto de
acuerdo con el cual, Guerra reclama sus derechos nota-
riales.

El fiscal alega que los derechos de Mauricio Guerra,
de acuerdo con dicho decreto, pasaron á su hijo, Gabriel

Guerra, solamente durante la vida del primero, y que Gabriel Guerra no es el sucesor legal de don Mauricio Guerra, sino meramente un sustituto personal.

Ahora bien, si Gabriel Guerra es el sucesor legal, parece que de acuerdo con la sección 1a. de la ley de primero de marzo de 1905, tendría el derecho de continuar en posesión de los archivos de su legítimo predecesor. En ese caso no hay nada en dicha ley que le impone el deber de entregar á nadie ningún archivo ó protocolo. Al contrario, si él no es el legal sucesor de Mauricio Guerra, podría surgir la cuestión, ¿cuál es el deber que le impone la ley con respecto al Archivero General?

La sección 2 de la Ley de *mandamus* especifica que el auto podrá dirigirse á cualquier tribunal inferior, corporación, junta ó persona, para obligar al cumplimiento de cualquier acto que la ley ordena como un deber resultante de un empleo, cargo, ó función. La sección 3 prescribe.

"Este auto puede ó nó (no podrá) dictarse en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley. Podrá dictarse basado en los informes de la parte beneficiada é interesada."

Claro está, si no desempeña ningún empleo, cargo, ó función, la ley no le impone ningún deber, y esta solicitud debe ser desestimada en virtud de las alegaciones del mismo peticionario. Puede ó no ser que Santiago R. Palmer tiene derecho á la custodia de estos protocolos, pero nosotros no creemos conveniente resolver, mediante un auto de *mandamus*, semejante cuestión, que envuelve un examen de autos que no nos han sido presentados.

Un caso que como autoridad puede citarse con relación al presente, es el caso de *The People* v. *Olds*, 3, Cal. p. 167 y en la 171 la corte dice:

"En la causa de *The People* v. *Stephens*, 5 Hill, 626, que es un caso análogo en muchos respectos al presente, siendo un procedi-

miento en el que el demandante pretendió ser el Secretario de la ciudad de Brooklyn, y trató de conseguir, mediante dicho auto, que se le pusieran en posesión de los libros y documentos pertenecientes á aquel cargo, en tanto que el demandado se hallaba de hecho en posesión del referido cargo, so pretexto del derecho legal de poseerlo; el Juez Bronson, al pronunciar el dictamen del Tribunal, observa que "en los casos en que la parte tiene otro recurso específico, no se concederá un auto de *mandamus.* Esto (dice él) ha sido resuelto cien veces y la regla está tan bien establecida, que sería un desperdicio de tiempo y de papel citar los libros. Muchos de los casos se hallan compilados en (la obra) de "Angel and Ames on Corp. 577-8, 2nd. ed.;" y el Juez Cowen, sin resolver las demás cuestiones, concurrió dictando sentencia á favor del demandado, por el expreso motivo de "que el demandante, si era Secretario (de la citada ciudad), tenía otro recurso legal específico, para obtener dichos libros y documentos."

No habiendo demostrado el peticionario que es claro que tiene derecho á la custodia de los protocolos, y no apareciendo nada que autorice la expedición de un auto de *mandamus* en este caso, debe denegarse la petición.

*Denegada:*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.