PARTIDO ACCIÓN CRISTIANA, MARIO E. DÁVILA y EDUARDO FLORES, peticionarios, *v.* SUPERINTENDENTE GENERAL DE ELECCIONES y JUNTA ESTATAL DE ELECCIONES, demandados.

Número 523.

*Sometido:* 2 de noviembre de 1960. *Resuelto:* 4 de noviembre de 1960.

*Francisco Ponsa Feliú* y *Álvaro R. Calderón, Jr.,* abogados de los peticionarios; *Hon. Hiram R. Cancio, Secretario de Justicia, J. B. Fernández Badillo, Procurador General* y *Arturo Estrella, Subprocurador General,* abogados de los demandados.

SENTENCIA

Examinados los autos, analizadas cuidadosamente las estipulaciones de las partes y la prueba recibida, y estudiadas las cuesiones legales planteadas en este recurso, el Tribunal concluye que:

PRIMERO: El Partido Acción Cristiana inscribió en el Departamento de Estado, para las próximas elecciones generales, candidatos por petición en sesenta (60) de los ochenta y dos (82) precintos electorales en que está dividido Puerto Rico, careciendo de fundamento los argumentos aducidos por los demandantes en apoyo de su alegación de que debe computarse el precinto San Juan II (Zonas 1 y 2) para la integración de las tres cuartas (¾) partes de los precintos que, según la sección 14 de la Ley Electoral (16 L.P.R.A. sec. 20), se requieren para que un partido adquiera la categoría de partido por petición.

SEGUNDO: En su consecuencia, como cuestión de derecho, el Partido Acción Cristiana no es un "partido por petición" por no haber inscrito en el Departamento de Estado de Puerto Rico para las próximas elecciones generales, candidatos por petición en y para las tres cuartas (¾) partes

o más de los precintos electorales de todo el Estado Libre Asociado.

TERCERO: De conformidad con las Secciones 47 y 49 de la Ley Electoral (16 L.P.R.A. secs. 171 y 175), sólo los partidos principales y los partidos por petición tienen derecho a estar representados por un inspector y un secretario en las juntas de colegio de cada precinto electoral, por lo cual la ley no le concede tal derecho de representación al Partido Acción Cristiana.

■ CUARTO: Las secciones de la Ley Electoral que disponen que en cada colegio electoral de cada precinto habrá una junta de colegio integrada por un inspector y un secretario en representación de cada uno de los partidos políticos principales y por petición, son constitucionales tanto de su faz como en su aplicación específica al Partido Acción Cristiana y no violan la igual protección de las leyes. Constituyen un ejercicio razonable de la amplísima potestad legislativa de reglamentar todo lo relacionado con el proceso electoral y su propósito es el de garantizar el ejercicio del sufragio de manera imparcial, honesta, ordenada y rápida. Disposiciones legislativas similares o aun más restrictivas han estado en vigor durante largo tiempo tanto en nuestro país como en muchos estados de la Unión y su validez ha sido sostenida frente a diversas impugnaciones de inconstitucionalidad. Examínense *Martínez* v. *Junta Insular de Elecciones*, 43 D.P.R. 413 (1932); *State* v. *Lewis*, 91 Atl. 993, 996 (Del., 1914); *State* v. *Ames*, 278 N.W. 273 (Wis., 1938); *Blue* v. *State*, 188 N.E. 583, 590-591 (Ind., 1934); *State* v. *Marion Circuit Court*, 72 N.E.2d 225, 230 (Ind., 1947); *State* v. *Wright*, 158 S.W. 823, 826-827 (Mo., 1913); *Preisler* v. *Calcaterra*, 243 S.W.2d 62, 65 (Mo., 1951). Ciertamente, no puede afirmarse que las citadas disposiciones sean tan manifiestamente irrazonables que equivalgan a la negación del derecho a la igual protección de las leyes. Cf. *Partido Popular* v. *Gallardo*, 56 D.P.R. 706, 717 (1940).

QUINTO: Vista la sección 70 de la Ley Electoral (16 L.P.R.A. sec. 227) disponiendo que *"Cada partido político que tuviere un candidato para ser votado en unas elecciones de cualquier precinto*, podrá nombrar un representante que se designará como recusador para cada colegio en dicho precinto, y dicho recusador tendrá los derechos y privilegios que se le confieren por esta Ley y ningún otro"*, disposición ésta que rige desde el 12 de mayo de 1920; y considerada la misma a la luz de otras disposiciones pertinentes de la Ley Electoral y de su historial legislativo, el Partido Acción Cristiana tiene derecho a designar un recusador para cada colegio de cualquier precinto en que tuviere un candidato a ser votado en las elecciones de dicho precinto, con todos los derechos y privilegios que a dicho recusador la ley le confiere.

En vista de todo lo anterior el Tribunal resuelve:

(*a*) Que en cuanto a la representación del Partido Acción Cristiana en las juntas de colegio de cada precinto electoral, integradas por inspectores y secretarios, procede declarar, como por la presente se declara, sin lugar la solicitud de los peticionarios;

(*b*) Que procede ordenar a los demandados, como por la presente se les ordena, permitir al Partido Acción Cristiana que designe un recusador para cada colegio de cada precinto electoral en que tuviere un candidato a ser votado en las próximas elecciones generales y que le reconozcan a dicho recusador todos los derechos y privilegios que le confiere la Ley Electoral.

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente, quien por las razones que expone por separado no interviene. El Juez Asociado señor Belaval tampoco intervino.

### Resolución del Juez Presidente
#### sobre no intervención

Intervine en la vista de este recurso el miércoles 2 del corriente, luego de haberme asegurado los letrados de ambas

partes al iniciarse la misma, en corte abierta y a mi requerimiento, que la decisión de este caso giraba exclusivamente en torno a la cuestión constitucional planteada en su solicitud por los peticionarios, y que no estaba envuelta aquí cuestión alguna relacionada con los derechos del Partido Acción Cristiana como partido político.

Mi requerimiento obedeció al hecho de que en el primer párrafo de la solicitud se alegó que "El peticionario, Partido Acción Cristiana, es un partido político que con arreglo a la ley habrá de concurrir a las próximas elecciones generales de Puerto Rico"; y al de que en el primer párrafo de la contestación de los demandados, con relación a la alegación antes transcrita, se alegó que el Partido Acción Cristiana era una agrupación política que no tenía categoría de partido político, según este término se define en la Ley Electoral, cuya concurrencia a las próximas elecciones generales era limitada. En dicho primer párrafo de la contestación, para sostener la alegación allí hecha, se citó una Resolución emitida por mí como Juez Presidente el 14 de octubre de 1960, en un recurso de apelación instado por el representante del Partido Independentista Puertorriqueño en la Junta Estatal de Elecciones, de conformidad con el procedimiento establecido en la sección 13 (d) de la Ley Electoral para apelar de las decisiones de la Junta Estatal de Elecciones, emitidas por el Superintendente General de Elecciones cuando no media unanimidad entre los representantes de los distintos partidos políticos en la Junta, según se dispone en la sección 12, párrafo 4 de la referida ley.

En vista de que las razones que sirven de base al Tribunal para la expedición del auto de mandamus se fundan en una interpretación de la Ley Electoral que a mi juicio tiene tangencia con, o en alguna forma pudo haber sido prejuzgada por mí en la Resolución del 14 de octubre al ejercer jurisdicción apelativa en el procedimiento estatutario a que me he referido, estimo propio no intervenir en la disposición final de este recurso.