PARTIDO ACCIÓN CRISTIANA, JOSÉ LUIS FELIÚ PESQUERA, PRESIDENTE DEL PARTIDO ACCIÓN CRISTIANA; FRANCISCO GONZÁLEZ BAENA, PRESIDENTE COMITÉ LOCAL, SEGUNDO PRECINTO DE RÍO PIEDRAS DEL PARTIDO ACCIÓN CRISTIANA, peticionarios, *v.* GOBERNADOR DE PUERTO RICO, HON. LUIS MUÑOZ MARÍN; y SUPERINTENDENTE DE ELECCIONES, HON. ERNESTO MIERES CALIMANO, demandados.

*Número:* M–62–4  *Resuelto:* 13 de abril de 1962

*Francisco Ponsa Feliú, Alvaro R. Calderón, Jr., y Francisco Hernández Vargas,* abogados de los peticionarios.

RESOLUCIÓN

A la anterior petición de Mandamus, no ha lugar a asumir jurisdicción original. Lo acordó el Tribunal y firma el señor Juez Presidente. El Juez Asociado señor Rigau no intervino.

El Juez Presidente señor Negrón Fernández y el Juez Asociado señor Blanco Lugo son de opinión que las cuestiones

planteadas en el presente recurso justifican el ejercicio de la jurisdicción original del Tribunal, según expondrán por separado.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,

(Fdo.) *Juez Presidente.*

Certifico: IGNACIO RIVERA,

*Secretario.*

———

Voto separado del Juez Presidente señor Negrón Fernández:

La importancia de la cuestión planteada en el presente recurso para el funcionamiento de la democracia puertorriqueña amerita, a mi juicio, el ejercicio por el Tribunal de su jurisdicción original. Si los peticionarios tuvieran razón en su planteamiento, los derechos que reclaman deberían reconocérseles sin más demora. De igual modo, si no tuvieran razón en dicho planteamiento, este Tribunal debería así declararlo inmediatamente. Determinaciones judiciales sobre cuestiones que afectan la vida institucional democrática de nuestro pueblo no deben ser postergadas por este Tribunal.

———

Voto separado del Juez Asociado señor Blanco Lugo:

Invocando la jurisdicción original de este Tribunal,[1] los peticionarios Partido Acción Cristiana, José Luis Feliú Pesquera, como Presidente del Partido Acción Cristiana, y Francisco González Baena, en su carácter de Presidente del Comité Local del Segundo Precinto de Río Piedras del partido

———

[1] Sección 5 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, en relación con la sección 2 de la Ley de 12 de marzo de 1903, pág. 116, 32 L.P.R.A. sec. 3422. Véanse también la Regla 55 de las de Procedimiento Civil de 1958, 32 L.P.R.A. (Supl. 1960), pág. 165 y la Regla 72 relativa a las disposiciones del Código de Enjuiciamiento Civil que no fueron derogadas por dichas Reglas, entre las cuales se incluyen los artículos 649 a 651, 32 L.P.R.A. secs. 3421 a 3423.

mencionado, presentaron una solicitud para que se expida un auto de mandamus contra el Honorable Luis Muñoz Marín, Gobernador de Puerto Rico, y el Honorable Ernesto Mieres Calimano, Superintendente de Elecciones, interesando se ordene a dichos funcionarios a cumplir el alegado deber ministerial que la ley les impone de designar el primero un miembro propietario y un miembro sustituto para representar a dicho partido en la Junta Estatal de Elecciones, a proporcionarles el segundo, libre de derechos, copias de las listas electorales del referido precinto.

No es necesario exponer las alegaciones contenidas en la solicitud. Es suficiente indicar que la procedencia del recurso descansa en la condición de partido político de la entidad peticionaria, y que para ello debe interpretarse *por primera vez* el alcance de la Sección 6 del Artículo IX de la Constitución del Estado Libre Asociado de Puerto Rico, en relación con las disposiciones del artículo 14 de la Ley Electoral, 16 L.P.R.A. sec. 75, y de la enmienda que le fue hecha en virtud de la Ley Núm. 6 de 27 de septiembre de 1951 (Leyes (3), pág. 107).

Brevemente expuesto, este recurso envuelve la determinación sobre la existencia legal de una agrupación como partido político. Dentro de nuestro sistema democrático de gobierno los partidos políticos son los órganos de que se vale la ciudadanía para expresar su voluntad colectiva. Firmemente creo que difícilmente pueda presentarse ante nuestra consideración un asunto que tenga mayor trascendencia, no yá para un individuo particular en reclamación de un derecho que estima le ha sido vulnerado, sino para un conjunto de ciudadanos que mediante una organización política demanda el reconocimiento a que creen tener derecho para poder disfrutar plenamente de los beneficios que tal reconocimiento conlleva. Entra en juego, pues, la esencia misma de la democracia, algo consustancial con ésta. Ante esta situación no concibo que meras conveniencias procesales deban impedir una pronta ad-

judicación de esta situación por el foro más alto del país. Admito que los peticionarios pueden recurrir al Tribunal de Primera Instancia, pero creo que nuestra actuación al negarnos a asumir jurisdicción original, más bien que el cumplimiento de una norma de ordenada justicia, constituye una abdicación injustificada de la misión que la ley y la tradición jurídica nos han encomendado.

La primera expresión sobre nuestra facultad para expedir en primera instancia autos de mandamus aparece en *Palmer* v. *Guerra*, 9 D.P.R. 555, decidido en el año 1905, en el cual dijimos que "Creemos que, en un caso *ordinario* en que el auto no se dirija contra el Consejo Ejecutivo, u otro alto cuerpo, o contra una corte inferior, *y* cuando no hay una razón especial para que haya urgencia o pronto despacho, la solicitud debiera hacerse a la Corte de Distrito." Un año después, en *Negrón et al.* v. *El Superintendente de Elecciones*, 11 D.P.R. 366 (1906), explicamos que la razón que justificaba esta posición es que "las cortes inferiores tienen mayores facilidades para tomar la prueba y oir las declaraciones de los testigos que las que tenemos aquí." Y en *Partido Popular* v. *Gallardo*, 56 D.P.R. 706 (1940) consideramos, entre otros factores para ejercitar nuestra jurisdicción original, que la petición se dirigía contra uno de los principales funcionarios del gobierno y que las cuestiones levantadas eran de gran interés público. Cfr. *Dávila* v. *Secretario de Estado*, 83 D.P.R. 186 (1960); *P.A.C.* v. *Superintendente de Elecciones*, 82 D.P.R. 22 (1960); *Prensa Insular de Puerto Rico* v. *Cordero, Auditor*, 67 D.P.R. 89 (1947); *Martínez Nadal* v. *Saldaña*, 33 D.P.R. 721 (1924).

Un examen ligero de las alegaciones de la petición demuestra que la controversia de hechos que se plantea es mínima, si alguna, y que la resolución del asunto depende prácticamente de una interpretación de derecho. Siendo ello así, y tratándose de que los demandados son el jefe del poder ejecutivo y un alto funcionario estatal, y de que está envuelta una

innegable cuestión de interés público, ($^2$) estimo que hemos debido requerir a dichos demandados para que presenten su contestación, y disponer para la celebración de la correspondiente vista.

---

($^2$) El hecho de que las próximas elecciones no estén señaladas hasta noviembre de 1964 no milita en contra de una pronta adjudicación, pues como indica el Juez Presidente señor Negrón Fernández en su voto separado, "Si los peticionarios tuvieran razón en su planteamiento, los derechos que reclaman deberían reconocérseles sin más demora. De igual modo, si no tuvieran razón en dicho planteamiento, este Tribunal debería así declararlo inmediatamente."