Partido Acción Cristiana, etc., peticionarios y apelantes, *v.* Gobernador de Puerto Rico, Hon. Luis Muñoz Marín, etc., demandados y apelados.

*Número:* AP-62-32      *Resuelto:* 31 de enero de 1963

*Ponsa Feliú & Calderón,* abogados de los apelantes; *J. B. Fer．nández Badillo, Procurador General,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Pasadas las elecciones generales celebradas en Puerto Rico en noviembre del año 1960, la agrupación política denominada "Partido Acción Cristiana" reclamó los derechos reconocidos por la Ley Electoral a los partidos políticos principales mediante las siguientes dos actuaciones: (1) En marzo 2 de 1962 el Presidente de dicha agrupación solicitó por carta al Gobernador de Puerto Rico que nombrara un miembro propietario y un miembro sustituto para representar al Partido Acción Cristiana en la Junta Estatal de Elecciones, y (2) en 3 de abril de 1962 el Presidente de dicha agrupación y el Presidente del Comité Local, Precinto II de Río Piedras de la misma agrupación solicitaron del Superintendente General de Elecciones copias de las listas electorales a que se refiere el Art. 27 de la vigente Ley Electoral, libre de gastos.

Ambas solicitudes fueron denegadas y entonces el Partido Acción Cristiana interpuso un recurso de mandamus ante la Sala de San Juan del Tribunal Superior. Visto el caso en sus méritos dicho Tribunal dictó sentencia declarando sin lugar el recurso.

Ante nos imputan como errores (a) resolver que el Partido Acción Cristiana no es un partido político principal, (b) resolver que el Partido Acción Cristiana no conservó su *status* de partido por petición en las elecciones de 1960, y (c) resolver que los demandados no tienen los deberes ministeriales invocados por los peticionarios.

Antes de las elecciones generales de 1960 y después de un rápido proceso inscripcionario, el Partido Acción Cristiana solicitó del Superintendente de Elecciones el derecho a estar representado por un inspector y un secretario en las juntas de colegio de cada precinto electoral, de conformidad con las Secs. 47 y 49 de la Ley Electoral [16 L.P.R.A. secs. 171 y 175]. Su demanda se fundaba entonces en que había cumplido con los requisitos exigidos por el tercer párrafo de la

Sec. 14 de la Ley Electoral [16 L.P.R.A., sec. 20] (¹) para concurrir a las elecciones de 1960 como un partido por petición.

En un recurso de mandamus interpuesto ante este Tribunal por dicho partido contra el Superintendente de Elecciones para que se le concediera el mencionado derecho de representación en las juntas de colegio, resolvimos que el Partido Acción Cristiana no había inscrito candidatos por petición en y para las tres cuartas (¾) partes o más de los precintos electorales de toda la isla y que en su consecuencia, como cuestión de derecho, dicho partido no era un "partido por petición" y no tenía el derecho de representación que reclamaba. *P.A.C.* v. *Superintendente General de Elecciones*, 82 D.P.R. 22. A dicho partido pues ni se le reconocieron los derechos de un partido por petición, ni concurrió a las elecciones como tal partido por petición.

Su contención ahora es que no obstante lo anterior fué como partido por petición a las Elecciones de 1960, ya que cumplió con los requisitos que la ley vigente exigía para inscribirse como tal y que eran los que se especificaban en el Art. 14 de la Ley Electoral según enmendado por la Ley Núm. 6 de 27 de septiembre de 1951. De ahí pasa a sostener que por virtud de las disposiciones del Art. IX, Sec. 6 de la Constitución del Estado Libre Asociado de Puerto Rico, el Partido Acción Cristiana es un partido político principal, y que además conservó la categoría de partido por petición.

---

(¹) Dicho párrafo lee así:

"Partido por petición es cualquier partido político que, con arreglo a la sec. 112 de este título, inscriba en el Departamento de Estado de Puerto Rico para las elecciones generales inmediatamente siguientes, candidatos por petición en y para las tres cuartas partes o más de los precintos electorales de todo el Estado Libre Asociado y presente en dicho Departamento para dichas elecciones, peticiones para nombramiento de candidatos firmadas por un número de peticionarios igual al 10% o más del total de votos depositados para todos los candidatos para el cargo de Gobernador de Puerto Rico en las últimas elecciones generales inmediatamente precedentes."

La referida Sec. 6 del Art. IX de nuestra Constitución, dispone:

"Los partidos políticos continuarán disfrutando de todos los derechos que les reconozca la ley electoral, siempre que reúnan los requisitos mínimos exigidos para la inscripción de nuevos partidos por la ley vigente al comenzar a regir esta Constitución. La Asamblea Legislativa, cinco años después de estar en vigor la Constitución, podrá cambiar estos requisitos, pero cualquier ley que aumente los mismos, no será efectiva hasta después de celebrada la elección general siguiente a la aprobación de la misma."

Como hemos indicado antes los peticionarios alegan que la ley vigente al comenzar a regir la Constitución, que fijaba los requisitos mínimos para la inscripción de nuevos partidos, era el Art. 14 de la Ley Electoral, según había sido enmendado por la Ley Núm. 6 de 27 de septiembre de 1951. Dicha enmienda dispuso:

"Para los efectos y fines de las elecciones que se celebren en noviembre del año 1952, se considerará como partido por petición y tendrá los mismos derechos que cualquier partido principal, cualquier partido que con arreglo a la sec. 112 de este título, inscriba en el Departamento de Estado de Puerto Rico para dichas elecciones, candidatos por petición en y para la mitad o más de los precintos electorales de todo el Estado Libre Asociado, y presente en dicho Departamento, para dichas elecciones, peticiones para nombramientos de candidatos firmadas por un número de peticionarios igual al 5% o más del total de votos depositados en las elecciones generales de 1948 para todos los candidatos para el cargo de Gobernador de Puerto Rico. Dicho 5% deberá computarse tomando en cuenta únicamente las peticiones para nombramiento de candidatos presentadas por dicho partido, con arreglo a la sec. 112 de este título, en aquellos municipios en y para los cuales dicho partido haya presentado en el Departamento de Estado peticiones para nombramiento de candidatos firmadas por un número de peticionarios igual al 10% o más de los votos depositados en cada uno de dichos municipios para todos los candidatos para el cargo de Gobernador de Puerto Rico en las elecciones de 1948." (16 L.P.R.A., sec. 20, págs. 119, 120.)

■ Concederemos, argüendo, que en virtud de la antes transcrita disposición constitucional, la ley que fijaba los requisitos mínimos para la inscripción de nuevos partidos, lo era la citada Ley Núm. 6 de 27 de septiembre de 1951 y concederemos, también argüendo, que el Partido Acción Cristiana concurrió a las elecciones de 1960 como un partido por petición; pero lo que no podemos conceder, es que el requisito mínimo para adquirir la condición de partido principal y para conservar la categoría de partido por petición, "es obtener en las elecciones generales un número total de votos igual al cinco por ciento (5%) por lo menos del total de votos para el cargo de Gobernador".

El penúltimo párrafo de la citada Sec. 14 de la Ley Electoral, invocado por los propios peticionarios como ley vigente, contiene disposiciones relativas a la adquisición y conservación de las categorías de partido principal, partido principal de la mayoría y partido por petición. Dispone dicho párrafo:

"Cualquier partido político que conserve, adquiera, o tenga la categoría de partido principal, o de partido principal de la mayoría, o de partido por petición, será considerado y disfrutará de los derechos de tal partido principal, partido principal de la mayoría, o partido por petición, hasta que el candidato de dicho partido para Gobernador de Puerto Rico deje de obtener en unas elecciones generales el número de votos necesarios para alcanzar la categoría de partido principal, partido principal de la mayoría o de por partido por petición, de acuerdo con las disposiciones de esta sección." (16 L.P.R.A., sec. 20, pág. 120.)

Para sostener su tesis, los peticionarios invocan los debates en la Convención Constituyente cuando se discutía la Sec. 6 del Art. IX, y el informe del Comité correspondiente sometido a la Convención.

Originalmente la citada Sec. 6 disponía: "Los partidos políticos organizados continuarán disfrutando todos los derechos que le reconoce la ley electoral, siempre que reúnan los requisitos mínimos -exigidos por la ley al entrar a regir

esta Constitución para la inscripción de nuevos partidos. La Asamblea Legislativa, cinco años después, etc." En el debate hubo discrepancia de criterios en cuanto a si esa disposición concedía un privilegio a los partidos políticos organizados, que consistía en continuar disfrutando de los derechos que le reconocía la ley electoral como tales partidos siempre que reunieran los requisitos mínimos para la inscripción de nuevos partidos, esto es, siempre que sacaren un cinco por ciento del electorado, mientras que los partidos que se organizaren posteriormente, no disfrutarían de ese privilegio. Una y otra vez se habló de que los requisitos mínimos para la inscripción de nuevos partidos eran, en cuanto al número de peticiones, un 5% del total de votos depositados para el cargo de Gobernador de Puerto Rico; pero al aprobarse la Sec. 6, se eliminó lo de partido político organizado y se dispuso solamente que los *partidos políticos* continuaran disfrutando de los derechos que les reconozca la ley electoral siempre que reúnan los requisitos mínimos exigidos para la inscripción de nuevos partidos por la ley vigente al comenzar a regir la Constitución. Ya hemos dicho que los *partidos políticos* son los partidos principales y los partidos por petición. Y la ley vigente que regía al comenzar a regir la Constitución, que establecía los requisitos mínimos para la inscripción de nuevos partidos, era según la teoría de los peticionarios la Ley Núm. 6 de 27 de septiembre de 1951 que enmendó la Sec. 14 de la Ley Electoral.

■ Fuera cual fuera el criterio de los delegados a la Convención constituyente sobre los requisitos mínimos exigidos por la ley vigente entonces para la inscripción de nuevos partidos, la Convención dispuso en la Sec. 6 que esos requisitos eran los requeridos por la *ley vigente* al comenzar a regir la Constitución. Y si la ley vigente era la Núm. 6 de septiembre de 1951, los peticionarios al invocarla, vienen obligados a aceptarla íntegramente, tal como regía. Y ya hemos visto que esa ley dispone que el 5% deberá computarse tomando

en cuenta únicamente las peticiones para nombramiento de candidatos presentados por dicho partido, en aquellos municipios en y para los cuales dicho partido haya presentado en el Departamento de Estado peticiones para nombramiento de candidatos firmadas por un número de peticionarios igual al 10% o más de los votos depositados en cada uno de dichos municipios para todos los candidatos para el cargo de Gobernador de Puerto Rico en las elecciones de 1948.

Invocando el penúltimo párrafo de la Sec. 14 de la Ley Electoral que ya hemos transcrito, los peticionarios alegan que la norma para conservar la categoría de partido por petición es la misma que para alcanzar la categoría de partido por petición. Si esto es así, y aceptando argüendo, que el Partido Acción Cristiana concurrió a las elecciones de 1960 como un partido por petición, habría que determinar si el candidato de dicho partido para Gobernador de Puerto Rico obtuvo en dichas elecciones generales de 1960 el número de votos necesario para alcanzar la categoría de partido principal, partido principal de la mayoría o de partido por petición de acuerdo con las disposiciones de la Sec. 14 de la Ley Electoral según enmendada por la Ley Núm. 6 de septiembre de 1951.

El tribunal sentenciador concluyó lo siguiente:

"Según certificación del Superintendente General de Elecciones Sr. Ernesto Mieres Calimano, el partido Acción Cristiana obtuvo 27,220 votos en 21 precintos, de los 82 precintos electorales (Ley Electoral 16 L.P.R.A. 12), en cuyos precintos dicho partido obtuvo el 10% o más de votos depositados para candidatos a Gobernador en las elecciones celebradas en noviembre 8 de 1960. (Véase Exhibit 1 demandados.)

"Los votos emitidos para todos los candidatos a Gobernador sumaron 789,487, habiendo obtenido el partido Acción Cristiana 27,220, en los mencionados 21 precintos en cuyos precintos obtuvo el 10% o más de votos depositados para Gobernador, constituyendo el total de votos obtenidos en esos 21 precintos

(27,220) el 3.44% del total de votos emitidos para todos los candidatos a Gobernador. (Exhibit 1 demandados.)" (Pág. 6, opinión.)

Y como cuestión de derecho resolvió "que el Partido Acción Cristiana no cumplió con los requisitos exigidos por la ley para subsistir como partido, aplicando el 5% del total de votos depositados en las elecciones de 1960 para todos los candidatos para el cargo de Gobernador, por lo que, no es partido por petición ni partido principal".

■ De acuerdo con los hechos que hemos aceptado, arguendo, la anterior conclusión es correcta. El derecho del Partido Acción Cristiana a surgir de las elecciones de 1960 como un partido principal o a conservar el status de partido por petición, dependía de que los votos obtenidos por su candidato a Gobernador de Puerto Rico alcanzaran el número necesario exigido para la inscripción de nuevos partidos. Ese número es el 5% o más del total de votos depositados en las elecciones generales de 1960 para todos los candidatos para el cargo de Gobernador de Puerto Rico; pero se computa en la forma dispuesta por la propia Ley Núm. 6 de septiembre de 1951. Esto es así porque esa ley íntegramente era la ley vigente al comenzar a regir la Constitución según hemos aceptado arguendo. La Sec. 6 de su Art. IX no dispuso la vigencia en parte de la Ley Núm. 6. Si los peticionarios la aceptan como la ley vigente, vienen obligados también a aceptar la forma para computar el 5 %. Y aplicando esa forma el Partido Acción Cristiana no cumplió con los requisitos mínimos exigidos por la ley para la inscripción de nuevos partidos y por tanto, de haber tenido el status de partido por petición, lo perdió o no lo conservó como resultado de las elecciones generales de 1960.

En su consecuencia los demandados no venían obligados a cumplir, porque no lo tenían, el deber ministerial invocado por los peticionarios.

*Debe confirmarse la sentencia dictada por el Tribunal Superior.*

El Juez Asociado señor Santana Becerra está conforme en que no procede la reclamación por el fundamento de que el Partido Acción Cristiana no acudió a las elecciones de 1960, como cuestión de hecho, ni como *cuestión de derecho*, como un partido político por petición.

El Juez Asociado señor Hernández Matos no intervino.