Núm. 50.—In re Rivera.— ▮▮▮▮▮▮▮▮▮▮ Abril 26, 1940.

Por cuanto, en un procedimiento de *disbarment* radicado por el fiscal de este tribunal, por delegación del Attorney General de Puerto Rico, se imputó al querellado, Ramón Rivera Viñas, la comisión de varios actos delictivos en relación con el ejercicio de la profesión de abogado-notario, consistentes en dejar de adherir las correspondientes estampillas de rentas internas a algunas escrituras matrices que se relacionan en la querella resultando así defraudado el Pueblo de Puerto Rico en la suma total de cuarenta y cinco ($45.25) dólares, veinticinco centavos.

POR CUANTO, de la misma querella se desprende:

"Que el querellado Ramón Rivera Viñas en 8 de noviembre de 1939, o sea, más de un año después de haber entregado por orden de este...Tribunal sus protocolos al Archivero General de Protocolos Notariales del Distrito de Arecibo, Lcdo. Ulpiano Crespo, Jr., y a reiteradas instancias de éste, entregó a dicho Archivero General la referida suma de cuarenta y cinco ($45.25) dólares, veinte y cinco centavos, con cuya suma dicho archivero general adhirió los sellos de rentas internas que faltaban en todas las escrituras mencionadas en los hechos de esta querella."

POR CUANTO, si bien el querellado, Ramón Rivera Viñas, en el acto de la vista por conducto de sus abogados, Lcdos. E. Pérez Casalduc y E. Martínez Avilés, admitió que no había adherido las correspondientes estampillas de rentas internas, existen ciertas circunstancias atenuantes que distinguen el presente caso de otros recientes, tales como el de *In re Félix C. Más* e *In re Alfonso Rey González,* resueltos en abril 22, 1940 y febrero 21, 1940, respectivamente (ante. págs. 940 y 936), las cuales constan en el récord taquigráfico del acto de la vista del modo siguiente:

"Sr. Presidente:

"¿Qué dicen los abogados del querellado?

"Lcdo. Pérez Casalduc:

"Señores Jueces, vamos a solicitar del tribunal...porque no hemos tenido tiempo de ver la querella... En realidad de verdad, señores Jueces, nuestro representado no niega que él dejase de adherir a los protocolos que se mencionan en la querella, estos sellos de rentas internas, pero se nos ha dicho, y así se desprende de la propia querella, que estos sellos fueron después adheridos a los protocolos...la cantidad a que ascienden los sellos es $45.00. En realidad de verdad en estas circunstancias el compañero Martínez Avilés y yo queremos solicitar del Hon. Tribunal que sea benévolo en la imposición de cualquier castigo que le imponga al joven abogado por esta falta. Podemos informar al Tribunal que durante todo el tiempo que él ha estado en Arecibo y allí ocupé el cargo de fiscal por nueve años, he tenido oportunidad de conocer a Rivera Viñas. Cuando yo llegué a Arecibo él no era abogado todavía. Era maestro. Lo es aún. Es maestro de uno de mis hijos. Realmente goza en Arecibo de la reputación de hombre honrado, laborioso, serio, de un hombre bueno. Ha cometido esta falta quizá por ignorancia...él mismo no se ha dado cuenta de ello. Él no se dedica activamente al ejercicio de la profesión de abogado. Quizá no ha tenido el valor de...como nosotros, dedicarse de lleno al ejercicio de su profesión. Sigue siendo maestro. Cuando tiene tiempo ejerce la abogacía. Y continúa con el escaso sueldo de que goza un maestro de instrucción pública manteniendo una esposa y tres hijos. Es un padre ejemplar. Por todo ello solicitamos del tribunal, que los Honorables Jueces sean lo más benévolos posible en la imposición de cualquier castigo que hayan de imponerle.

"Sr. Fiscal:

"En estas condiciones, aceptados los hechos de la querella, y sometido el querellado a la benevolencia y a la clemencia de este tribunal, es al tribunal a

quien corresponde actuar y darle el castigo que merezca la falta cometida. No tenemos nada que alegar ni tenemos ninguna objeción...ninguna objeción que hacer a que el tribunal ejerza hasta donde crea conveniente su discreción en cuanto al castigo que deba imponer al querellado. Eso es todo.

"Ledo. Martínez Avilés:

"Honorables Jueces, para abundar en las declaraciones del compañero Pérez Casalduc. Yo he conocido al querellado a través de veinte años. Es un hombre bueno. honrado. honesto. Lo he conocido como maestro de instrucción pública, más que como abogado y realmente quizá se deba este hecho al motivo de no estar él en el ejercicio de la profesión activamente. Yo deseo suplicarle al Tribunal, según le suplicó mi compañero, que sea benévolo en la imposición de la pena al querellado."

POR TANTO, vistas la ley, la jurisprudencia y la admisión de culpabilidad del querellado, se le suspende por el término de dos años a partir de esta fecha, en el ejercicio de su profesión de abogado así como en el de la de notario público que ejerce, borrándose su nombre, por dicho término de suspensión, de los registros de abogados y notarios obrantes en la Secretaría de este tribunal; y notifíquese esta resolución al Tesorero y al Secretario Ejecutivo de Puerto Rico, así como a las cortes de distrito de la Isla, las que a su vez notificarán a las cortes municipales y de paz de sus respectivos distritos.