*In re* LUIS RAMOS, querellado.

Número 84.
*Sometido:* 2 de agosto de 1954. *Resuelto:* 9 de agosto de 1954.

*Luis Ramos, pro se; Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo,* abogado de El Pueblo.

*Per Curiam:* El querellado Luis Ramos fué admitido por este Tribunal al ejercicio de la profesión de abogado en enero 20 de 1939 y al ejercicio del notariado en 21 de agosto de 1941. Como resultado de la investigación de sus protocolos ordenamos al fiscal que iniciara, mediante la correspondiente querella, un procedimiento de *disbarment* contra el referido abogado-notario.

La querella le imputa únicamente la comisión de los siguientes hechos:

"(4) Que durante el período comprendido entre los años 1943 y 1952, ambos inclusives, el expresado Luis Ramos, actuando en su capacidad de notario público, de manera volun-

taria, maliciosa y a sabiendas, en violación a las disposiciones de la Ley núm. 101 de 12 de mayo de 1943 (pág. 279), dejó de adherir y cancelar sellos de rentas internas e impuesto notarial por la suma total de $881.25, al tiempo de autorizar las escrituras ante él otorgadas durante el indicado lapso, según se particularizan en el anexo que se une y se hace formar parte de esta querella."

El querellado admite estos hechos, expresándose así en su contestación:

"2. Que el querellado acepta el CARGO especificado en el apartado cuarto de la referida querella, y admite que violó las disposiciones de la Ley núm. 101 de 12 de mayo de 1943, en el sentido que dejó de cancelar sellos de rentas internas e impuesto notarial por la cantidad de $881.25, en las escrituras de sus protocolos correspondientes a los años 1943 y 1952 inclusive."

Alega sin embargo, que no actuó con malicia ni con el deliberado propósito de defraudar al Erario Público o a persona alguna al dejar de cancelar los sellos de rentas internas, sino que ello se debió a serios problemas económicos y de familia y que antes de iniciarse este procedimiento adhirió y canceló en las escrituras correspondientes todos los sellos de rentas internas que faltaban, para lo cual se vió obligado a tomar dinero a préstamo.

En vista de que los hechos esenciales han sido aceptados, dictaremos nuestra resolución, según lo solicita el querellado, sin celebración de vista.

El querellado admite que la falta cometida por él es grave y en verdad lo es. Las razones que le movieron a incurrir en tal falta, en forma alguna justifican su conducta pues como dijimos en *In re Arroyo Rivera*, 63 D.P.R. 796, "Al alegar su insolvencia durante los años en cuestión, por inferencia admite el querellado que cobró el dinero de sus clientes para comprar los referidos sellos y lo usó para fines personales. Sin embargo, aun cuando no hubiere hecho esto, todavía es inexcusable su conducta. Y el hecho de que, una vez iniciadas las investigaciones, el querellado pudo tomar a préstamo suficiente dinero para comprar y adherir todos los

sellos, en manera alguna lo disculpa de la irresponsabilidad profesional aquí imputada. Si así lo resolviéramos, ello equivaldría a burlarnos de las leyes aquí envueltas y de los deberes que recaen sobre los miembros de nuestro Foro."

Tanto en el caso de *Arroyo Rivera*, supra, como en los de *In re Rey González*, 56 D.P.R. 936; *In re Mas*, 56 D.P.R. 940; *In re Rivera*, 56 D.P.R. 942; *In re Figueroa Maestre*, 58 D.P.R. 483, hemos resuelto que el dejar un notario de fijar y cancelar los sellos de rentas internas en las escrituras públicas que otorga constituye causa suficiente para separarle del ejercicio de la profesión de abogado-notario.

*El querellado será separado del ejercicio de la profesión de abogado-notario por un período de dos años.*