*In re* Ángel Piñero, querellado.

Número 85.
*Sometido:* 1 de diciembre de 1954. *Resuelto:* 17 de diciembre de 1954.

*la querella, se suspende al querellado del ejercicio de la abogacía y del notariado por el término de un mes.*

*E. Díaz Santana,* abogado del querellado; *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogado de El Pueblo.

*Per Curiam:* El Fiscal de este Tribunal radicó querella de desaforo contra el abogado Ángel Piñero alegando en parte como sigue:

"Que el día 8 de febrero de 1954 en Río Piedras, el expresado notario, Ángel Piñero, voluntariamente y a sabiendas violó las disposiciones de la Ley 'Estableciendo un Registro de Affidavits o Declaraciones ante Notarios y otros Funcionarios', faltando a su fe notarial, al autorizar el affidavit núm. 20,064 de su libro de Registro de Affidavits, supuestamente otorgado por Antonio Rivera Rodríguez, Faustino Cantero Medina y Gregorio Calderín, y dar fe de conocer personalmente a dichos otorgantes y de que éstos habían suscrito ante él, el documento correspondiente, cuando real y efectivamente el querellado, Ángel Piñero, no tuvo ante sí ni vió firmar a los otorgantes, no conocía a Antonio Rivera Rodríguez ni a Gregorio Calderín y la firma de este último en efecto, era falsificada.

"Que mediante el affidavit expresado, o sea, el núm. 20,064 del libro de Registro de Affidavits del notario aquí querellado, los otorgantes suscribían como principales, un pagaré por la suma de $1,000 más intereses al 5% anual, a vencer el 28 de febrero de 1959, a favor de la Universidad de Puerto Rico, institución ésta que, descansando en la fe y firma notarial del querellado y en la obligación que asumían los tres supuestos otorgantes, le facilitó al señor Antonio Rivera Rodríguez la suma de $1,000."

En su contestación a la querella Piñero acepta las alegaciones antes transcritas. Como "Materia Nueva" alega lo siguiente:

"Alega el querellado que hace dieciséis años está ejerciendo su profesión de abogado y notario en Puerto Rico, con oficina en Río Piedras, y que durante todos esos años ha cumplido fiel y estrictamente con las leyes que regulan el ejercicio de dicha profesión, ha observado todos los cánones de Ética Profesional que rigen la conducta de los abogados, ha guardado siempre el respeto debido a las Cortes de Justicia y a los funcionarios judiciales, cumpliendo las órdenes y decretos de los tribunales, ha pro-

cedido con ecuanimidad y justicia en sus relaciones con los demás compañeros, ha sido franco, íntegro, recto y sincero con sus clientes y siempre ha cumplido bien y fielmente las gestiones encomendádales sin que haya habido ninguna queja sobre su conducta durante todos los años que ha ejercido su profesión.

"Alega asimismo el querellado que si bien es verdad que él no conocía las firmas de los señores Antonio Rivera Rodríguez y Gregorio Calderín, no es menos cierto que conoce perfectamente bien la de Faustino Cantero Medina, amigo, cliente y persona de su confianza, siendo ello y la seguridad que le diera respecto de las firmas y consentimiento de los otros dos firmantes su amigo y cliente, Félix Leard, lo que le indujo a autorizar como notario el affidavit que ha dado lugar a la querella formulada en el presente caso.

"El querellado asegura bajo la más solemne afirmación a este Honorable Tribunal Supremo que si el empleado que notó en la Universidad la falta de validez del documento autorizado por el querellado le hubiera llamado la atención, él hubiera dado inmediatamente los pasos necesarios para dejar sin efecto su actuación y anular el affidavit suscrito en la forma antes indicada por habérsele hecho creer confiando absolutamente en la honorabilidad de su dicho amigo, que las firmas puestas en el documento eran auténticas y conformes con la voluntad y buen deseo de los suscribientes.

"Que a los fines antes expuestos el querellado se comunicó inmediatamente que tuvo conocimiento de estos hechos con el señor Francisco Rivera Brenes, Tesorero de la Universidad de Puerto Rico, a quien ofreció pagar el importe del préstamo y éste le contestó que no podía aceptar nada porque el asunto había sido referido al Departamento de Justicia.

"Asegura además el querellado, que independientemente de la resolución que recaiga en el presente caso, está dispusto y se compromete a satisfacer, como lo ha ofrecido antes, cualquier cantidad que se adeudare a la Universidad de Puerto Rico con motivo del caso que ha dado fundamento a la querella a que se refiere el epígrafe.

"Por los motivos anteriormente expuestos, el querellado somete muy respetuosamente su caso ante este Honorable Tribunal, sin señalamiento, ni celebración de vista, para que se resuelva el mismo como mejor proceda en derecho y en justicia."

Con una moción posterior Piñero radicó dos recibos indicativos de que había pagado personalmente $609.32 más $0.68 de intereses, como saldo total del préstamo hecho a favor de Antonio Rivera Rodríguez que fué objeto del documento que dió lugar a esta querella.

Por los motivos expuestos en el caso de *In re Ardín*, 75 D.P.R. 496, y consideradas todas las circunstancias que aquí concurren, *se suspenderá a Ángel Piñero del ejercicio de la abogacía y del notariado por el término de un mes.*

El Juez Asociado Sr. Negrón Fernández, de conformidad con el criterio por él expresado en el caso de *In re Ardín*, 75 D.P.R. 496, 501, es de opinión que la suspensión del querellado debe limitarse al notariado.

El Juez Asociado Sr. Belaval no intervino.