In re MARÍA LUISA RAMOS, JUEZ DEL TRIBUNAL DE DISTRITO DE PUERTO RICO, querellada.

*Número:* 10    *Resuelto:* 1 de octubre de 1962

*Hiram R. Cancio, Secretario de Justicia, J. B. Fernández Badillo, Procurador General, Arturo Estrella, Subprocurador Ge-*

*neral, José C. Aponte, Manuel J. Vera Mercado, Juan Lorenzo Rodríguez, Gerardo Méndez Correa, Fiscales Especiales y Manuel López Carrillo, Fiscal Auxiliar, abogados del querellante; Francisco Ponsa Feliú, Jorge Luis Córdova, Héctor Ramos Mimoso, Manuel Martín Maldonado, Jorge Benítez Gautier, Ramón Lloveras, Álvaro R. Calderón, Jr., Benjamín Rodríguez Ramón, Baltasar Corrada del Río, Rodolfo Zequeira, F. Hernández Vargas, R. Rodríguez Ema, Luis E. Dubón, José Otero Suro, Rodrigo Otero Suro y Nicolás Jiménez, abogados de la querellada.*

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En cumplimiento de resolución dictada el día 9 de enero de 1961 por el Juez Presidente de este Tribunal, el Secretario de Justicia formuló 1447 cargos a la Juez de Distrito María Luisa Ramos imputándole haber observado una "conducta impropia, inmoral, reprensible y negligente"[1] en el ejercicio de sus deberes judiciales. Todos los cargos formulados, con excepción del número 1447, se refieren a actuaciones de la querellada al entender, autorizar y certificar, como Juez de Distrito, en una serie de peticiones de inscripción de la agrupación Partido Acción Cristiana para las elecciones generales de 1960.[2]

En 6 de septiembre de 1961, en el ejercicio de nuestra discreción, suspendimos de empleo y sueldo a la querellada, mientras se sustanciaba el procedimiento.[3]

---

[1] La sección 24 de la Ley de la Judicatura, 4 L.P.R.A. sec. 232, que provee el procedimiento para la destitución de los jueces del Tribunal de Primera Instancia, originalmente disponía como únicas causas para ello el incurrir en conducta inmoral o negligencia en el desempeño de los deberes judiciales. *In re Gallardo*, 81 D.P.R. 19 (1958). Mediante la Ley Núm. 107 de 8 de julio de 1960 (Leyes, pág. 324), 4 L.P.R.A. (Ap. 1961) pág. 231, se sustituyó la frase "conducta inmoral" por "conducta inmoral, impropia o reprensible."

[2] Para otros incidentes judiciales relacionados con el proceso inscripcionario de dicha agrupación, véanse, *Dávila v. Secretario de Estado*, 83 D.P.R. 186 (1960); *Dávila v. Superintendente de Elecciones*, 82 D.P.R. 264 (1960); *P.A.C. v. Superintendente de Elecciones*, 82 D.P.R. 22 (1960; *P.A.C. v. Secretario de Estado*, 82 D.P.R. 3 (1960).

[3] Mediante la Ley Núm. 31 de 11 de junio de 1962 (Leyes, pág. 86) la Asamblea Legislativa trasladó del Tribunal Supremo en pleno al

En 26 de septiembre de 1961 designamos al Hon. Joaquín Correa Suárez, Juez Superior, para que en calidad de Comisionado Especial, oyera y recibiera la prueba que se ofreciera por las partes, y rindiera el correspondiente informe. Después de varios incidentes preliminares que no es necesario reseñar, las vistas se celebraron durante el período comprendido entre el 5 de marzo y el 23 de mayo de 1962. La parte querellante ofreció prueba documental y testifical; la querellada se limitó a presentar prueba documental. Se sometieron 695 cargos por estipulación, se practicó prueba sobre 618, se desistió por el querellante de 17 y no se produjo prueba en cuanto a 117. El comisionado entendió, por tanto, en 1313 cargos, en relación con los cuales rindió en 13 de junio pasado un extenso, elaborado y concienzudo informe que contiene 58 determinaciones de hechos.(⁴)

Concedimos un término simultáneo a las partes para que presentaran sus objeciones al referido informe, en caso de tener algunas. El Secretario de Justicia radicó un escrito expresando no tener reparos; y, en vista de que la querellada no formuló objeciones ni solicitó prórroga, fijamos un término común de 30 días para la radicación de alegatos. El querellante presentó el suyo en 30 de julio; la querellada no lo presentó ni solicitó prórroga para ello. Al comienzo de nuestro término regular en 4 de septiembre el asunto ha quedado sometido a nuestra consideración.

A grandes rasgos los cargos imputados a la querellada pueden clasificarse en la siguiente forma:

---

Juez Presidente, o al juez asociado a quien este designe para que entienda en la investigación y la determinación de causa, la facultad de disponer la suspensión de empleo y sueldo mientras se sustancia la querella. *In re Marín Báez*, 81 D.P.R. 274 (1959); cfr. *Pueblo* v. *Toro Goyco*, 84 D.P.R. 492 (1962).

(⁴) A la conclusión de las vistas, el comisionado concedió a las partes un término simultáneo de 20 días para presentar un proyecto de determinaciones de hecho. Según el informe, el querellante así lo hizo; la querellada no presentó proyecto alguno, ni solicitó prórroga para ello.

A) Cargos en donde el o los supuestos peticionarios en la petición de inscripción del Partido Acción Cristiana autenticada por la querellada:

1—habían fallecido con anterioridad a la fecha en que aparecen firmando la petición; (⁵)

2—aparecen firmando y estampando sus huellas digitales en la petición, y se niegan ambas cosas; (⁶)

3—aparecen firmando la petición, lo cual se niega, sin que en dicha papeleta se estamparan huellas digitales; (⁷)

4—aparecen signando la petición y estampando sus huellas digitales, lo cual se niega; (⁸)

5—son personas que saben leer y escribir, y, sin embargo, aparecen signando la petición; (⁹)

6—aparecen firmando la petición, y no saben leer ni firmar y hay huellas digitales estampadas en la misma; (¹⁰)

7—aparecen firmando la petición, y no saben firmar y no hay huellas digitales estampadas en la misma; (¹¹)

8—firmaron la petición, pero no lo hicieron en presencia de la querellada; (¹²)

---

(⁵) Cargos 1 a 9.

(⁶) Cargos 10–25, 27–32, 34–97, 99, 101–106, 108–111, 114–123, 125–127, 129–133, 135–137, 141–142, 144–150, 152–156, 159–162, 164, 165, 168–184, 186–197, 199–204, 207, 208, 210–213, 215–236, 238–248, 251–257, 259–270, 272–284, 286–298, 300–315, 317–331, 334–363, 365–366, 369–379, 381–407, 409–413, 415–422, 424–426, 427–458, 460–476, 477–507, 509–522, 524–526, 528–548, 549–553, 555–565, 567–570, 572, 574–575, 577–592, 594–600, 602, 603, 605–634, 636–639, 641, 643–648, 650, 652–656 y 658.

(⁷) Cargos 659 a 686.

(⁸) Cargos 687, 689–690, 692–703, 705, 707, 709–719, 721–729, 732–740, 742–752 y 754.

(⁹) Cargos 755–771.

(¹⁰) Cargos 772–789, 791–826, 828–836, 838–845, 847–865, 867–870, 872, 874–877, 879–889, 891–896, 898–901, 903–907, 911–913, 915–916, 918–921, 923–927, 929–969, 971–978, 980–1026, 1028–1036, 1038–1047, 1049–1051, 1053–1061, 1063–1066, 1068–1077 y 1080–1091.

(¹¹) Cargos 1092, 1094–1097, 1099–1102 y 1104–1111.

(¹²) Cargos 1115–1116, 1118–1122, 1124–1127, 1129–1132, 1134–1143, 1145–1151, 1153–1161, 1164–1169, 1171–1185, 1187–1202, 1204–1210 y 1213–1215.

9—firmaron y estamparon sus huellas digitales, pero no lo hicieron en presencia de la querellada; [13]

10—conocían a la querellada, pero no firmaron la petición en su presencia; [14]

11—signaron la petición, pero no lo hicieron en presencia de la querellada, y las papeletas tienen huellas digitales estampadas; [15]

12—signó la petición, pero no lo hizo ante la querellada, y la papeleta no tiene huellas digitales estampadas; [16]

13—aparecen firmando la petición, y niegan haberlo hecho, y no se hacía constar el número correspondiente de la declaración jurada en la certificación del juramento; [17]

14—no fueron identificados ante la querellada por el testigo de conocimiento cuyo nombre se hace constar en las peticiones; [18]

B) Cargos en que la querellada:

15—no firmó dos peticiones de inscripción, a pesar de haber estampado el sello del Tribunal y haber registrado las mismas bajo el número correspondiente en su registro de declaraciones juradas; [19]

16—no hizo constar en la certificación del juramento el número correspondiente a la declaración jurada, y en que además, el peticionario no firmó en presencia de la querellada; [20]

---

[13] Cargos 1216–1234, 1236–1239, 1241–1247, 1249–1264, 1266–1271, 1273–1291, 1293–1297, 1299–1305, 1307–1318, 1320–1322, 1324, 1326–1331 y 1333.

[14] Cargos 1334–1336 y 1338.

[15] Cargos 1340, 1343, 1345–1348, 1350, 1352–1360, 1363–1367 y 1369–1370.

[16] Cargo 1372.

[17] Cargos 1373–1378.

[18] Cargos 1379–1443.

[19] Cargos 1112 y 1113.

[20] Cargo 1339.

17—a pesar de haber enumerado las declaraciones jura-
das en 18 peticiones de inscripción, no firmó la correspon-
diente anotación en el Registro de Declaraciones Juradas; [21]

18—certificó en 15 de septiembre de 1960 que un número
de peticiones que no aparecen firmadas por la querellada fue-
ron firmadas en su presencia. [22]

C)

19—Cargo en que se le imputa a la querellada actividades
políticas en el proceso de inscripción del Partido Acción Cris-
tiana. [23]

D)

20—Cargo en que se imputa a la querellada el haberse
negado a prestar declaración en la investigación administra-
tiva practicada por la Oficina de Administración de los Tri-
bunales. [24]

En su contestación de 25 de septiembre de 1961 la quere-
llada admitió expresamente los hechos de los cargos núms.
13, 15, 16 y 20.

1—El comisionado declaró probados 1311 cargos que
comprenden las distintas modalidades identificadas preceden-
temente como 1 a 18.   Los hechos imputados y probados cons-
tituyen desviaciones, la mayoría de ellas sustanciales, del
procedimiento marcado por la sección 37 de la Ley Electoral,
tal cual ésta regía para la fecha en que se llenaron las res-
pectivas peticiones de candidaturas.   El párrafo cuarto de
dicha sección, 16 L.P.R.A. sec. 112, leía como sigue: [25]

"Toda persona que firmare una petición para nombrar un
candidato para un cargo, hará constar que es un elector de
Puerto Rico debidamente inscrito y que está capacitado para vo-
tar por el candidato o candidatos nombrados en dicha petición,

---

[21] Cargo 1445.
[22] Cargo 1446.
[23] Cargo 1444.
[24] Cargo 1447.
[25] Esta sección fue sustancialmente enmendada por la Ley Núm.
140 de 30 de junio de 1961 (Leyes, pág. 822), 16 L.P.R.A. (Ap. 1961)
págs. 26–32.

y el *nombre, edad, color, precinto* y barrio en el cual aparezca su inscripción como elector, y cada uno de esos peticionarios firmará cada una de esas peticiones de su propio puño y letra. Cuando el peticionario no supiere o no pudiere firmar, estampará la huella de los dedos pulgares de ambas manos, si fuere posible, al lado de la firma del testigo que firma por dicho peticionario. Cada una de dichas peticiones deberá ser debidamente jurada ante un funcionario judicial de Puerto Rico autorizado para tomar juramentos; y cada funcionario ante quien se firmare y jurare una petición para el nombramiento de un candidato para un cargo, según se autoriza por esta sección, hará constar en su certificado de aquel hecho *que el juramento y la firma o la impresión digital a las cuales se refiere dicha certificación, se hicieron en su presencia y bajo su observación,* y deberá haber un certificado por separado para cada juramento y firma. La falta de un funcionario ante quien se firmare y jurare una petición de nombramiento, de hacer el certificado que se requiere por esta sección hará que dicho certificado y petición sean nulos y sin valor. No será necesario archivar una declaración jurada separada para cada persona que firmare una petición para su nombramiento, pero cada una de esas peticiones deberá hacer constar claramente los nombres de los candidatos cuyos nombramientos se solicitan por cada peticionario y los cargos para los cuales respectivamente es el deseo del peticionario que sean nombradas dichas personas. Estas declaraciones juradas estarán exentas del pago de todo impuesto."

Asimismo, la querellada se apartó de las prescripciones de ley relativas al otorgamiento y autenticación de declaraciones juradas—Artículo 3 de la Ley de 12 de marzo de 1903 (Leyes, pág. 38), 4 L.P.R.A. sec. 883 y sección 3 de la Ley de 12 de marzo de 1908 (Leyes, pág. 39), 4 L.P.R.A. sec. 889. ([26])

En distintas ocasiones hemos desaprobado la práctica de que un notario de fe de que unas personas suscribieron y

---

([26]) La Ley Núm. 87 de 20 de junio de 1961 (Leyes, pág. 176), 4 L.P.R.A. (Ap. 1961) sec. 892-a, adicionó la sección 6A a la Ley de 12 de marzo de 1908, *supra*, a los fines de requerir a los jueces del Tribunal de Primera Instancia y a los jueces de paz la remisión el lunes de cada semana de un índice de los affidavits y declaraciones autorizadas por ellos durante la semana precedente. Véase, Diario de Sesiones, 1961, pág. 1226.

juraron ante él un documento sin que tuviera ante sí a los firmantes en el acto de suscribir dicho documento y sin que le constara personalmente que las firmas fuesen las de los otorgantes porque ello constituye "un acto destructor de la fe pública," *In re Piñero*, 77 D.P.R. 630 (1954) ; *In re Aponte*, 79 D.P.R. 3 (1956) ; *In re Ardín*, 75 D.P.R. 496 (1953) ; *In re Cruz Disdier*, 70 D.P.R. 453 (1949) ; *In re Vergne Ortiz*, 67 D.P.R. 30 (1947). ■

La gravedad de los actos de la querellada es evidente, especialmente si se considera que no sólo se trata de una persona conocedora de la ley, sino que por ministerio de su magistratura está obligada a vigilar por su cumplimiento estricto. Fácil es comprobar que no se trata de meras inadvertencias o errores involuntarios. El crecido número de ocasiones en que se apartó de la ley revela una línea de conducta que constituye un menosprecio abierto a sus disposiciones. Si bien es cierto que el proceso de inscripción de una agrupación política no debe estar rodeado de condiciones y requisitos tales que en la práctica se impida la organización legal de un partido político—frustrándose así la expresión de un núcleo de la ciudadanía, y con ello atentándose contra la esencia misma de la democracia—*Partido Popular* v. *Gallardo*, 56 D.P.R. 706 (1940), no debemos olvidar que una vez establecidos estos requisitos y depositada la fe pública para la garantía de su cumplimiento en los jueces, éstos no pueden convertirse en árbitros de la razonabilidad de los mismos. Su misión es velar porque se cumpla la ley en el proceso de inscripción, a menos que su intervención se reclame en una acción judicial mediante la cual se plantee la cuestión de razonabilidad. ■

Los hechos probados demuestran, pues, que la querellada observó una conducta impropia, reprensible y altamente negligente en el ejercicio de los deberes que la ley imponía, que es suficiente para decretar su separación definitiva del cargo que ocupa.

2. La conclusión a que hemos llegado anteriormente hace innecesaria la consideración de los cargos imputados a la querellada sobre actividad política (27) y su negativa a prestar testimonio durante una investigación administrativa, (28) así como las objeciones planteadas en el curso de la vista, ya que ello no alteraría el resultado fianl.

*Se decretará la separación de la querellada María Luisa Ramos del cargo de juez de Distrito desde la fecha de nuestra resolución suspendiéndola de empleo y sueldo.*

El Juez Asociado señor Ramírez Bages concurre con el resultado y expresa que no cree necesario hacer pronunciamiento alguno en este procedimiento sobre la razonabilidad de los requisitos y condiciones que la Asamblea Legislativa puede prescribir para la inscripción de partidos políticos.

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Dávila, no intervinieron.

---

(27) El cargo número 1444, relacionado con actividades políticas de la querellada, le imputa que mientras desempeñaba el cargo de Juez del Tribunal de Distrito, adscrita a la Sala de Bayamón, "se dedicó a hacer campaña en pro de la inscripción de un partido político... solicitando de, estimulando e invitando a, varios ciudadanos a firmar peticiones de inscripción... y permitiendo que se fijaran cartelones y circularan hojas sueltas en la Sala de Justicia en que ella desempeñaba sus funciones como Juez, invitando al público a que acudiera ante ella en el Tribunal de Distrito de Puerto Rico, Sala de Bayamón, a juramentar peticiones de inscripción para la agrupación política denominada Partido Acción Cristiana..."

El comisionado declaró probado únicamente que la querellada solicitó en su oficina del Tribunal, de Inés María Pacheco Martínez y Otoniel Falcón Torres que le suscribieran peticiones de inscripción de candidatos de la agrupación mencionada para las elecciones generales de 1960.

Véanse, Artículo V, sección 12, de la Constitución del Estado Libre Asociado de Puerto Rico; Canon XVIII de los de Etica Judicial, 4 L.P.R.A. Ap. IV (Supl. 1961), pág. 344.

(28) Ver, *Cohen* v. *Hurley*, 366 U.S. 117 (1961); *Re Anastaplo*, 366 U.S. 82 (1961) y *Koningsberg* v. *State Bar of California*, 366 U.S. 36 (1961); Comentarios, 47 Iowa L. Rev. 507 (1962), 37 Notre Dame Law. 246 (1961); 75 Harv. L. Rev. 129 (1961); 36 N.Y.U.L. Rev. 246 (1961); 8 U.C.L.A.L. Rev. 448 (1961); 13 Stan. L. Rev. 141 (1960); 39 Texas L. Rev. 233 (1960); 12 Syracuse L. Rev. 101 (1960); 60 Colum. L. Rev. 885 (1960); 20 La. L. Rev. 743 (1960).