IN RE WILLMAN RODRÍGUEZ RIVERA, JUEZ DEL JUZGADO DE PAZ DE PUERTO RICO, querellado.

*Número*: FC-63-1    *Resuelto*: 14 de mayo de 1963

*Rubén Rodríguez Antongiorgi* y *Martín Almodóvar,* abogados del querellado; *Francisco Espinosa, Hijo, Secretario de Justicia Interino, José C. Aponte, Manuel J. Vera Mercado, Gerardo Méndez Correa, Manuel López Carrillo,* y *Juan Lorenzo Rodríguez, Fiscales Especiales Generales,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En 24 de enero de 1963 el Secretario de Justicia de Puerto Rico formuló una querella contra el Juez de Paz Hon. Willman Rodríguez Rivera, comprensiva de nueve cargos en la que acusó al querellado, en síntesis, de que mientras actuaba en el desempeño de su cargo observó una conducta impropia, represible y altamente negligente al autorizar y certificar falsamente trescientos juramentos, con los números de afidávits y en las fechas que se relacionan en la querella, en cuyos juramentos hizo constar que las personas que allí se mencionaban comparecieron ante él y juraron peticiones de inscripción de candidatos de la agrupación política denominada Partido Acción Cristiana para las elecciones generales del año 1960.

Luego de concesión de prórroga para contestar solicitada por el querellado, éste contestó la querella en 21 de marzo de 1963. En su contestación el querellado admite los hechos imputádosle, reconoce que sus actuaciones no se ajustaron a la ley, y por vía de atenuación nos informa que a la fecha de los hechos tenía 30 años de edad, llevaba solamente unos cuatro meses en el desempeño de su cargo, carecía de experiencia en el desempeño de esas funciones, no recibió adiestramiento especial alguno para el descargo de las mismas, es casado y tiene tres hijos, había gozado de buena reputación en su comunidad, ha sufrido considerablemente con motivo de este procedimiento, y hace constar su propósito de no volver a incurrir en falta o negligencia alguna en el desempeño de sus funciones. La experiencia adquirida, añade, le impedirá volver a cometer violación de ley alguna.

*Tomando en consideración la actitud intelectual y moralmente honesta del querellado al aceptar su culpa, las circunstancias de falta de experiencia y de entrenamiento para las funciones que temprano en su vida advino a desempeñar y su propósito de enmienda, el que creemos sincero, al declarar con lugar la querella, se decretará la suspensión de empleo y*

*sueldo del querellado por el tiempo que lleva así suspendido y hasta la fecha de esta opinión.*

El Juez Presidente Señor Negrón Fernández no intervino, asi como tampoco el Juez Asociado Señor Hernández Matos.

---

Voto separado del JUEZ ASOCIADO SEÑOR BLANCO LUGO, con el cual concurre el JUEZ ASOCIADO SEÑOR SANTANA BECERRA.

Al disponer la destitución de la querellada en *In re Ramos*, 86 D.P.R. 125 (1962), dijimos que "La gravedad de los actos de la querellada es evidente, especialmente si se considera que no sólo se trata de una persona conocedora de la ley, sino que por ministerio de su magistratura está obligada a vigilar por su cumplimiento estricto. Fácil es comprobar que no se trata de meras inadvertencias o errores involuntarios. El crecido número de ocasiones en que se apartó de la ley revela una línea de conducta que constituye un menosprecio abierto a sus disposiciones." Como entiendo que en el presente caso las circunstancias son distintas, según acertadamente se exponen en el párrafo final de la opinión, y especialmente que el querellado no tenía a la fecha de los hechos que se le imputan el entrenamiento legal adecuado, considero que se impone un resultado distinto en cuanto al alcance de su separación del cargo de juez de paz, y concurro con la suspensión limitada que se decreta.