*In re:* Roberto José Maldonado Rivera, querellado.

Número: O-74-74          Resuelto: 11 de marzo de 1975

*Myriam Naveira de Rodón, Procuradora General, Magda E. Haidar de Martí* y *Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Roberto José Maldonado Rivera,* por derecho propio; *Alvaro R. Calderón, Jr., Julio Torres* y *Manuel Moraza Choisne,* abogados del querellado.

PER CURIAM: El querellado Roberto José Maldonado Rivera—abogado y notario desde el mes de junio de 1967—fue suspendido permanentemente del ejercicio de la notaría

por este Tribunal el 4 de mayo de 1973 por no haber rendido los correspondientes índices notariales desde el 15 de noviembre de 1971 hasta la fecha de su separación. Conjuntamente con dicho dictamen dispusimos que el alguacil se incautara de sus protocolos y del registro de declaraciones juradas con el fin de que fueran entregados al Director de Inspección de Notarías para ser examinados. Sólo pudo diligenciarse la entrega del libro de declaraciones debido a que los protocolos estaban sin encuadernar y estaban extraviadas cinco (5) escrituras otorgadas el año 1969. ·

En vista del incumplimiento por el querellado de nuestra Resolución concediéndole treinta (30) días para que corrigiera y encuadernara su protocolo notarial y radicara los índices notariales correspondientes, el 14 de enero de 1974 dispusimos se radicara querella de desaforo.

En la vista el querellado admitió los hechos en que se funda la querella, desistió de sus defensas afirmativas y planteó a través de sus abogados lo siguiente: "1) la alegación en todos los cargos de que la conducta del querellado fue ilegal, inmoral e impropia es una conclusión de derecho por lo que no se acepta; 2) las faltas que motivan los cargos han sido corregidas; 3) que lo que está envuelto en este caso y se le imputa al querellado, son actuaciones relacionadas exclusivamente con su función como notario, sin tocar para nada su rol como abogado, por todo lo cual el querellado ya ha sido castigado al ser separado por este Honorable Tribunal del ejercicio de la notaría.' Presentó prueba demostrativa de que en el ejercicio de su profesión, se ha dedicado a representar con diligencia, habilidad y honestidad a personas de escasos recursos económicos en causas criminales y de violación de derechos civiles, sin cobrar honorarios.

En su escrito ante nos, el querellado reconoce que las faltas notariales cometidas fueron serias argumentando: que por ello ya fue penalizado al ser suspendido del notariado; que las

fallas fueron corregidas; y que no hay evidencia de deshonestidad y depravación moral.

La naturaleza y fe pública que implica el ejercicio de la notaría, es el fundamento para reiterar nuestro enfoque jurisprudencial de que ciertas irregularidades en su desempeño puede ser causa de desaforo de la profesión de abogado. *In re Dávila Román*, 101 D.P.R. 936 (1974); *In re Piñero*, 77 D.P.R. 630 (1954); *In re Ramos*, 77 D.P.R. 107 (1954); *In re Ardín*, 75 D.P.R. 496 (1953); *In re Arroyo Rivera*, 63 D.P.R. 796 (1944). Están tan vinculados los principios normativos éticos de ambas gestiones, que la base académica y moral del notariado descansa sobre la admisión al ejercicio de la abogacía. Ello exige del abogado notario la observancia cabal, fiel y diligente de las normas éticas, jurídicas y reglamentarias que cubren cada una de tales esferas.

Rechazamos el criterio propuesto por el querellado al admitir los cargos, al efecto de que originándose éstos en mala práctica de la notaría ya ha sufrido suficiente sanción con la separación del notariado. La integridad ética del abogado no puede sufrir fragmentación en los distintos campos de actividad. Quien es negligente e irresponsable en parte de su quehacer profesional no puede aspirar a elogios en la otra parte que todavía no parece afectada por la conducta reprochable. Cuando por el mismo profesional se ejercen funciones de abogado y notario, ¿qué garantía tiene la sociedad de que la ausencia de principios en una de ellas no ha de contaminar la otra, si ambas está dirigidas por los conceptos y normas o falta de ellas, de la misma persona? La irresponsabilidad demostrada por el querellado en su práctica notarial, de persistir, lo descualifica para el ejercicio de la abogacía, y sólo la esperanza de que pueda con esta grave advertencia rectificar conceptos y continuar su aportación social en la práctica de la abogacía, en la que ha demostrado loable vocación de servicio a causas y personas menos favorecidas nos induce a detenernos en el umbral mismo del desaforo.

El Juez Asociado Señor Negrón García concurre con la Opinión del Tribunal en voto separado, con el cual concurren los Jueces Asociados Señores Martín y Díaz Cruz.

—O—

Opinión concurrente del Juez Asociado, Señor Negrón García con la cual concurren los Jueces Asociados, Señores Martín y Díaz Cruz.

San Juan, Puerto Rico, a 11 de marzo de 1975

Los hechos que motivan la censura verbal por el Tribunal al letrado Roberto José Maldonado Rivera como remedio correctivo, tienen su génesis en haber éste incurrido en lo siguiente:

1—Dejó de radicar los índices notariales correspondientes al período entre 15 de noviembre de 1971 y 2 de febrero de 1973, y no cumplió con las órdenes reiteradas expedidas por el Juez Administrador del Tribunal Superior, Sala de San Juan;

2—Desobedeció e hizo caso omiso a tres Resoluciones de este Tribunal de fechas 2 de febrero, 4 de mayo y 2 de noviembre de 1973;

3—No adhirió ni canceló los correspondientes sellos de rentas internas y del Colegio de Abogados en cinco (5) escrituras otorgadas durante el año 1969;

4—No incluyó en sus índices del año 1969 la información correspondiente al otorgamiento de tres (3) escrituras;

(5) No incluyó en su protocolo la correspondiente nota de apertura y nota de cierre;

6—Autorizó una escritura sin el sello notarial; otra sin su firma, rúbrica y sello notarial y sin la firma del comprador; y otra escritura sin su firma, sello notarial y rúbrica;

7—No firmó la nota de saca en el uso de dos (2) escrituras;

8—Dejó espacios en blanco en una escritura;

9—No mantuvo ni conservó íntegros sus protocolos ni encuadernó debidamente el protocolo del año 1969.

Considero de mayor gravedad el no haber acatado el querellado las órdenes judiciales del Tribunal Superior, Sala de San Juan y las tres Resoluciones de este Tribunal, siendo significativo que únicamente actuó cuando fue apercibido de la querella de desaforo.

No son separables a mi juicio, las normas de respeto a que son acreedores los tribunales de justicia en nuestro país por razón de que el origen de las órdenes dictadas sean con respecto a la ley notarial o a un incidente en una causa judicial. En esencia el principio rector que debe prevalecer es el acatamiento de los dictámenes judiciales por la ciudadanía y especialmente por los miembros de la clase togada quienes tienen el privilegio de defender, con su ejemplo, el ministerio de la ley.

Irrespectivamente del impacto que una censura verbal pueda tener sobre determinado abogado, este Tribunal debe definir de manera clara y precisa su postura futura respecto a las medidas correctivas a que están sujetos los miembros de la profesión de abogado por incumplimiento de órdenes judiciales, siendo ello imprescindible para el descargo del mandato constitucional de preservar un sistema de justicia eficiente y de respeto. Se pierde el propósito normativo, nervio de nuestras decisiones sobre conducta profesional, si la declaración ética se da en el vacío, prescindiendo de una clara y precisa relación de las actuaciones censuradas. Nuestra sociedad contemporánea exige la más alta disciplina profesional por parte de los abogados y ello hace ineludible que reformulemos nuestro enfoque y exijamos de éstos la responsabilidad real que conlleva el principio que encarna la expresión de honrar la toga.

Debido a la existencia de las circunstancias atenuantes aducidas por el querellado y a la ausencia de falta que impli-

que depravación, colusión, fraude o engaño, concurro en el resultado, haciendo reserva sobre el valor de precedente que para casos ulteriores le atribuyo a la sanción o amonestación verbal del Tribunal, que en el caso de autos, se detiene en el umbral del desaforo.